Roy AUSTIN, Appellant,

v.

WESTERN AUTO SUPPLY CO., a Corporation, Respondent.

No. 52535.

Supreme Court of Missouri,
Division No. 2.

Nov. 13, 1967.

Motion for Rehearing or for Transfer to Court En Banc Denied Dec. 11, 1967.

E. E. Thompson, Thomas A. Sweeny, James N. Cameron, Kansas City, for plaintiff-appellant, Popham, Thompson, Popham, Trusty & Conway, Kansas City, of counsel.

James W. Benjamin, Rogers, Field & Gentry, Kansas City, for defendant-respondent.

DONNELLY, Judge.

In this jury-tried action, plaintiff sought damages in the amount of $175,000 for bodily injuries suffered October 2, 1964, in Jackson County, Missouri. The jury returned a verdict for defendant. Plaintiff appealed.

The action is for breach of an implied warranty of suitability and fitness. The applicable rule of law is that " * * * where the seller, be he manufacturer or dealer, undertakes to supply an article for

a particular purpose, knowing that the buyer trusts to his judgment that the article is suitable for that purpose, an implied warranty arises that the article is suitable for such purpose. * * * " Hunter v. Waterloo Gasoline Engine Co., Mo.Sup., 260 S.W. 970, 973; 10 Mo.Law Review 147, Implied Warranties in Missouri. The seller is required to respond in damages for breach of such warranty. London Guarantee & Accident Co. v. Strait Scale Co., 322 Mo. 502, 15 S.W.2d 766.

"In determining whether or not a submissible case was made for the jury against * * * [defendant], we must consider plaintiff's evidence from a viewpoint most favorable to plaintiff and give plaintiff 'the benefit of every reasonable favorable inference which the evidence tends to support.' " Gibson v. Newhouse, Mo.Sup., 402 S.W.2d 324, 327.

In September, 1964, plaintiff entered defendant's store looking for an automobile bumper jack. He was approached by salesman Al Turner who asked if he could help plaintiff. Plaintiff said, "Yes, sir; I need a jack for a 1957 Buick." Turner obtained a chart from the wall of the display and stated to plaintiff that Model A–5054 "should take care of * * * [plaintiff's] needs." Plaintiff said, "All right; I will take this model." Turner went to the back of the store, returned with a "Wizard Bumper Jack, Model A–5054," and plaintiff paid for it. Plaintiff did not know "whether or not this A–5054 jack would work on a 1957 Buick." He was "going by the chart," and "by what the salesman told * * * [him]."

■ Plaintiff left the store, went to his car, took the jack out of its box, and placed it in the trunk of the car. He did not use the jack until the morning of October 2, 1964, at the home of Stanley Chambers, where he got into the car, and it "wouldn't start." The car was parked on a concrete, level driveway. Plaintiff believed the trouble was with the "solonoid on the ac-

celerator linkage that actuates the starter." He and Chambers blocked the rear wheels, the car was "already in park," and he "put the emergency brake on." Plaintiff then took the jack out of the trunk, placed it under the left front part of the front bumper and jacked the car approximately ten inches off the ground with the left front wheel "barely touching the ground." Plaintiff testified: "I then went around to just behind the left front wheel, and I guess I got to maybe my chest up under the car, and I reached up to the general area of where the starter would be, and I don't recall whether I touched it or not, but I heard a clicking sound, and I turned my head toward the general area of the jack, and then I heard some noises and, bang, it [the frame of the car] came down on my head." Plaintiff was injured. This evidence is sufficient to submit to the jury the question of defendant's liability for breach of an implied warranty of suitability and fitness for the intended purpose. Hunter v. Waterloo Gasoline Engine Co., supra.

The trial court, at plaintiff's request, gave Instruction No. 2 (MAI 25.03) which directed a verdict for plaintiff, and reads as follows:

"Your verdict must be for plaintiff if you believe:

"First, defendant sold the jack in question to plaintiff, and

"Second, the defendant knew or should have known by using ordinary care of the use for which plaintiff purchased the jack in question, and

"Third, plaintiff reasonably relied upon defendant's judgment as to the fitness of the jack for such use, and

"Fourth, the jack was not fit for such use, and

"Fifth, as a direct result plaintiff was damaged."

Defendant chose to converse the "Fourth" and "Fifth" submissions of Instruction No. 2 with its Instruction No. 5, which reads as follows:

"Your verdict must be for defendant if you do not believe:

"First, that the jack sold by defendant was unfit for use on a 1957 Buick; or

"Second, that plaintiff was injured as a direct result of the condiiton of the jack."

 Plaintiff contends the trial court committed prejudicial error in giving Instruction No. 5. Although MAI prescribes no approved form of converse instruction in implied warranty cases, a converse instruction prepared under the "First Method" of conversing must use "substantially the same language used in the verdict directing instruction." MAI 29.01. Instruction No. 5, which undertakes to converse the elements of unfitness for the intended use and causation, does not do so. Instead it injects a new and foreign element, namely the "condition" of the jack. The condition of the jack, as such, was not in issue. Plaintiff was not restricted to recovery on the basis that the jack was not in proper condition, or that it was defective, or improperly designed. The gravamen of plaintiff's action was breach of implied warranty in supplying a jack not suitable for the intended use (lifting and supporting a 1957 Buick automobile). The jack may have been altogether fit and proper for use in lifting other automobiles but unfit and improper for use in lifting this particular kind of automobile. Under Instruction No. 5, the jury, believing that the jack was in good condition, i. e., not defective and not improperly designed, could have and may have returned a verdict for defendant notwithstanding the jury at the same time may have believed that the dealer sold the plaintiff the wrong kind of a jack for use on a 1957 Buick. This misdirection, which permitted the jury to determine the case on the basis of a false issue, constituted reversible and prejudicial error.

Other points briefed relate to the admission and exclusion of evidence and argument of counsel. All involve matters largely within the discretion of the trial court. Baker v. Kansas City Public Service Co., 353 Mo. 625, 183 S.W.2d 873, 875 [1–3]; Superior Ice & Coal Co. v. Belger Cartage Service, Inc., Mo.Sup., 337 S.W.2d 897, 906 [8]; Eickmann v. St. Louis Public Service Co., Mo.Sup., 323 S.W.2d 802, 810 [15–17]. We cannot assume they will recur upon another trial in similar posture and circumstances. They need not be discussed on this appeal.

The case is reversed and remanded for a new trial.

All of the Judges concur.