**Ben J. BREWER, (Plaintiff) Appellant,**

**v.**

**SWIFT & COMPANY, a Corporation, d/b/a Independent Packing Company, (Defendant) Respondent.**

**No. 54879.**

Supreme Court of Missouri,
En Banc.

March 9, 1970.

Schneider, Raymond & Boyle, James J. Raymond, Kenneth J. Bini, Clayton, for appellant.

Robertson, De Voto, Wieland & Lange, Leo C. De Voto, Jr., Morton K. Lange, St. Louis, for respondent.

HOLMAN, Judge.

We transferred this case from the St. Louis Court of Appeals upon the application of defendant-respondent. The principal reason motivating our action was that we had an undecided appeal pending here which involved the same question as presented by the giving of Instruction No. 4 and we desired to insure that the two decisions would be consistent. We heard arguments on both cases the same day. Our research and consideration of the question has led to the conclusion that the decision of the appeals court is correct. We therefore adopt (with the exception hereinafter noted) the well written opinion of Hon. Gerald M. Smith, a Commissioner of that court, as our opinion in this case, as follows:

"This appeal presents for our determination the proper instruction of a jury using MAI instructions. [All references to MAI herein are to the 1964 edition.]

"Factually, very little need be said. Plaintiff-appellant, a federal meat inspector, sued defendant-respondent for personal injuries sustained in an accident on de-

fendant's premises. Defendant provided a platform for use by plaintiff in inspecting meat. The platform consisted of two separate movable platforms pushed together to form one platform. During the course of his inspection, plaintiff stepped backward to avoid a passing carcass and his left leg went between the two platforms resulting in the injuries complained of, which need not be outlined.

"Plaintiff's petition alleged that the two platforms were not reasonably safe as a result of the separation; that defendant knew or by using ordinary care could have known of this condition; that plaintiff did not and could not have known of this condition; that defendant failed to use ordinary care to place the two platforms together so as to eliminate the separation; and as a result plaintiff was injured. Defendant filed a general denial and asserted plaintiff's contributory negligence in failing to see, in the exercise of ordinary care, that there was a space between the platforms and negligently stepped into the space. Both parties have treated the case as involving a business invitee.

"The evidence warranted a jury finding either way on defendant's negligence, and either way on plaintiff's contributory negligence. The jury verdict and judgment were for the defendant. Motion for new trial was denied.

"The only assignments of error before this Court involve the correctness of defendant's converse instruction (No. 4) and contributory negligence instruction (No. 5). We set out in full the instructions requested by plaintiff and defendant given by the Court.

"Plaintiff's Definition Instruction:

" 'INSTRUCTION NUMBER 2

" 'The term "ordinary care" as used in these instructions means that degree of care an ordinarily careful and prudent person would use under the same or similar circumstances.'

"Plaintiff's verdict directing instruction:

" 'INSTRUCTION NUMBER 3

" 'Your verdict must be for the plaintiff if you believe:

" 'FIRST, there was a space separating the two (2) platforms and as a result the platforms were not reasonably safe for plaintiff's use, and

" 'SECOND, plaintiff did not know and by using ordinary care could not have known of this condition, and

" 'THIRD, defendant knew or by using ordinary care could have known, of this condition, and

" 'FOURTH, defendant failed to use ordinary care to place the two (2) platforms together so as to eliminate said separation, and

" 'FIFTH, as a direct result of such failure, plaintiff was injured, unless you believe plaintiff is not entitled to recover by reason of Instruction No. 5.'

"Defendant's Converse Instruction:

" 'INSTRUCTION NUMBER 4

" 'Your verdict must be for the defendant if you do not believe that defendant was negligent as submitted in Instruction No. 3.'

"Defendant's affirmative defense instruction:

" 'INSTRUCTION NUMBER 5

" 'Your verdict must be for the defendant whether or not defendant was negligent if you believe:

" 'FIRST, plaintiff failed to exercise ordinary care to see the space between the steel platforms, and

" 'SECOND, plaintiff's conduct was thereby negligent, and

" 'THIRD, such negligence of plaintiff directly caused or directly contributed to cause any damage plaintiff may have sustained.'

■ "No instruction defining negligence (MAI 11.02 (II) was requested or given by either party. We hold the jury was erroneously charged by the giving of Instruction No. 4.

"Turning first to Instruction 4, we find as defendant contends, that instruction to be MAI 29.02(2) unmodified. We disagree with defendant that giving it therefore could not be error. The general comment on Converse Instructions in MAI states that the 'if you do not believe' language followed by one or more propositions submitted by the verdict director may be used if in *substantially the same language* used in the verdict director. (P. 245 MAI.) Nowhere in Instruction 3 does the word 'negligent' appear; nowhere in Instruction 3 is the jury informed that it is to find negligence; nowhere in Instruction 3 is the proposition of 'negligence' placed before the jury. The instructions for use of 29.02 instructions refer to their use to converse 17.01 instructions. The 17.01 verdict director requires a finding that by certain conduct defendant was 'negligent.' When that verdict director is involved, 29.-02 sets forth in substantially the same language one of the propositions submitted. But here plaintiff's verdict director is 22.-03 modified. It does not refer to negligence yet the purported converse to it allows the jury to find for the defendant upon finding a proposition not submitted by Instruction No. 3. This is not a compliance with the requirement that the converse be in substantially the same language as the verdict director. See Austin v. Western Auto Supply Co., Mo., 421 S.W.2d 203. The confusion is further compounded by the failure to define 'negligence' for the jury. By that statement we do not mean to indicate that the converse instruction used here would be permissible had negligence been defined. Rather it points up the fact that the jury was allowed to return a verdict based upon their interpretation of a term of law not appearing in the verdict director and undefined to them. This constitutes a roving commission to the jury.

■ "Plaintiff's attack on Instruction 5 is twofold. We deal with Instruction 5 only because a new trial is required, and the propriety of this instruction may again arise. Plaintiff's first attack is on the use of the words 'failed to exercise ordinary care to see' appearing in the first proposition of Instruction 5. The instruction is patterned on MAI 28.01, which does not contain such words. But here the charged contributory negligence is the failure to exercise ordinary care to see the separation, and that is what the instruction submits to the jury. We cannot say that the giving of the instruction was erroneous, or would confuse or mislead a jury, particularly since Instruction 2 defined ordinary care.

"The second attack is on the failure to define negligence. We have alluded to that matter before. It does not appear that the instructions for use of MAI specifically require the use of a definition instruction for negligence. The section of MAI entitled, How To Use This Book, does state, 'Submitting ultimate facts stripped of evidentiary detail created a need for some definition instructions.' (P. XXXII Committee on Jury Instructions.) And we note that the illustrations contained in Sec. 31.00 of MAI each contain a definition of negligence. Although we do not hold that in every case the giving of a negligence definition is required by MAI, it would appear to be the better practice to include such definition where the term 'negligence' appears in any of the instructions.

"We cannot say that the error in Instruction 4 was harmless, or that the verdict would have been the same had the jury been properly charged. Brown v. St. Louis Public Service Co., Mo., 421 S.W.2d 255. Therefore, the cause must be remanded for new trial."

We do not unqualifiedly adopt that part of the foregoing opinion dealing with the issue of the failure to define negligence. See statement of dictum in Helfrick v. Taylor, Mo.Sup., 440 S.W.2d 940 [5].

Reversed and remanded.

HENLEY, C. J., and FINCH, DONNELLY, SEILER, and MORGAN, JJ., concur.

STORCKMAN, J., and BRADY, Special Judge, not sitting.