Johnny ANDERSON, a minor, by his mother and next friend, Rosemary Anderson, Plaintiff-Appellant,

v.

David F. CAHILL, d/b/a D. F. Cahill Construction Company, Defendant-Respondent.

No. 58909.

Supreme Court of Missouri, En Banc.

Sept. 8, 1975.

Rehearing Denied Oct. 13, 1975.

Barbieri, Combs & Gotschall, Roger J. Barbieri, Commodore M. Combs, Jr., Kansas City, for plaintiff-appellant.

Shook, Hardy & Bacon, David H. Clark, Robert E. Northrip, Kansas City, for defendant-respondent.

HENLEY, Judge.

This is an action for damages for personal injuries received by a child when he fell into a construction excavation. Verdict and judgment were for defendant and plaintiff appealed to the Court of Appeals, Kansas City district.[1] That court affirmed the judgment and, on application of plaintiff, we ordered the case transferred to this court. It will be finally determined here the same as on original appeal. Mo.Const. Art. V, § 10. We reverse and remand for error in the giving of two instructions.

Plaintiff was four years, ten months of age on the date of his injury. The excavation into which he fell was in a residential area of Independence, Missouri, on the grounds of St. Mary's Church adjoining Liberty street on the east. Located on these grounds were the church building, the rectory south of the church, both of which faced Liberty street or west; the high school and gymnasium buildings behind or east of the church and rectory; and a secondary school building on the north side of the church which extends east from Liberty back toward the gymnasium. Defendant, in the process of building an addition to the back of the church building, excavated an area approximately 10 feet deep for a large basement and then poured the concrete footings and foundation walls for the addition, leaving an open area or hold of approximately two feet between the east side of the excavation and the foundation wall. Plaintiff and his two sisters, ages 6 and 7, were enroute to a neighborhood grocery

1. This is the second appeal in this case, the first being to this court from a judgment based on a directed verdict for defendant on the ground plaintiff had failed to make a submissible case. We reversed, holding plaintiff had made a submissible case under § 339, Restatement of the Law, Torts, First (1934). See: *Anderson v. Cahill*, 485 S.W.2d 76 (Mo.1972).

store for their mother on a Saturday afternoon when they strayed from their errand onto the construction site. Their home was approximately a half-block from the driveway adjoining the south side of the rectory. Plaintiff was seen to fall headfirst into the open area described above at a point a few feet north of the excavation's south edge. The witness, Mr. Virgil Julian, standing some distance farther north looking west, first became aware of the child when he saw him fall; he immediately jumped into the hole and rescued him.

Mrs. Virgil Julian testified that while in the car waiting for her husband to return, she saw two little girls playing in a sand pile inside the large excavation. She saw a little boy join the two girls and watched them play in the sand pile. Later, she saw her husband come out of the area between the concrete foundation wall and the side of the excavation carrying the plaintiff.

Defendant had erected a snow fence as a barrier in all openings leading from the street and the buildings to the construction area, but had failed to bar one avenue of access: a narrow strip (said to be 2–3 feet wide) behind the rectory and between a construction shed and the high school building leading north from an unbarred driveway on the south side of the rectory directly to the construction area and the excavation.

Plaintiff's first point is that the court erred in giving instruction No. 4, defendant's converse of plaintiff's verdict directing instruction No. 3, for the reasons stated below. Instruction No. 3 reads:

"Your verdict must be for the plaintiff if you believe:

First, defendant maintained an open excavated area, and

Second, defendant knew or should have known that young children would be likely to trespass, and

Third, that the open excavated area was a condition that the defendant knew or should have known involved an unreasonable risk of serious bodily harm to such children, and

Fourth, defendant failed to prevent plaintiff from being exposed to such harm, and

Fifth, defendant was thereby negligent, and

Sixth, as a direct result of such negligence plaintiff was damaged.

The term 'negligence' as used in these instructions means the failure to use that degree of care that an ordinarily careful and prudent person would use under the same or similar circumstances."

Instruction No. 4 reads:

"Your verdict must be for the defendant unless you believe:

First, defendant knew or should have known that young children would be likely to trespass, and

Second, that the open excavated area was a condition that the defendant knew or should have known involved an unreasonable risk of serious bodily harm to such children, and

Third, defendant was negligent as submitted in Instruction Number 3, and

Fourth, as a direct result of such negligence plaintiff was damaged."

Plaintiff contends that instruction 4 violated both the letter and the spirit of MAI[2] and MAI 33.01 in that (1) it "was not a true converse but constituted two converse instructions within one * * *"; (2) it "deviated from MAI 33.06(6) which did not need modification * * *"; and (3) it "conversed only two elements of Instruction * * * [3], and failed to use any connecting words to identify the two elements upon which the jury could return its verdict for defendant, and hence constituted a rov-

2. Missouri Approved Jury Instructions, second edition. References will be to that edition unless otherwise indicated.

ing commission for omission of what ultimate facts constituted negligence."

Instruction 3 submits and requires a finding of the elements of plaintiff's theory of his right to recover in this case based on § 339, Restatement of the Law, Torts, First (1934). *Anderson v. Cahill,* supra, 485 S.W.2d at 77–78, and cases there cited. There is no applicable instruction in MAI and the numbered paragraphs of this instruction are said to have been patterned after MAI 22.01, the attractive nuisance verdict director, with modifications necessary to conform to § 339, supra.

Instruction 4, said to be patterned after MAI 33.06(6),[3] converses not only the facts on which negligence is predicated, it also converses negligence generally. As we understand plaintiff's position, it is that defendant is entitled to one instruction conversing the facts on which negligence is predicated[4] *or* one conversing negligence,[5] but not one instruction conversing both.

Plaintiff relies heavily on *Murphy v. Land,* 420 S.W.2d 505, 507[1] (Mo.1967),[6] a humanitarian negligence case in which two converse instructions were given, one (MAI 29.06(6), first edition; now 33.06(6)) conversing the several elements of the humanitarian submission and the other (MAI 29.-04(1), first edition; now 33.04(1)) conversing all negligence generally. The court held that the giving of these two instructions violated both the spirit and positive direction of MAI that only one converse be given for each verdict directing instruction, and was error. From this, plaintiff argues that the giving of one instruction which converses in combination both the "facts on which negligence is predicated" and "negligence" also violates the spirit and direction of MAI that only one converse be given.

In *Young v. Grotsky,* 459 S.W.2d 306, 308[1, 2] (Mo.1970) the court said: "MAI makes it clear that * * * there may be included in the one permitted converse instruction more than one proposition, provided only that the propositions conversed are submitted in the verdict directing instruction. * * * The reference in 'Notes on Use' that a defendant may give 'only one converse' for each verdict directing instruction means 'only one converse' instruction."

■ Instruction 3, the verdict directing instruction to which instruction 4 was directed, required a finding of not only the "facts" submitted in paragraphs "First" through "Fourth," but also that defendant was thereby "negligent." The propositions conversed are submitted in the verdict directing instruction and combining them in the one converse instruction does not violate the proscription of MAI that only one converse instruction be given. Compare *Brewer v. Swift & Company,* 451 S.W.2d 131, 133[1] (Mo. banc 1970), in which the court held that the giving of an instruction conversing negligence was reversible error where the verdict directing instruction given did not require a finding of negligence, because (1) it allowed the jury to return a verdict for defendant upon finding a proposition not submitted by plaintiff, and (2) it did not comply with the requirement that the converse be in substantially the same language as the verdict director.

■ Plaintiff's argument that the giving of instruction 4 was error because it "deviated from MAI 33.06(6) which did not need modification" is without merit. It did deviate, considerably. But, if it was error to give instruction 4 it was not error for this reason. MAI 33.06(6), upon which instruction 4 is said to have been patterned, is, as

---

**3.** A converse of elements of a plaintiff's humanitarian submission.

**4.** For example, see MAI 33.06(6).

**5.** For example, see MAI 33.03(2).

**6.** Plaintiff also cited in support of his first point: *Nugent v. Hamilton & Son, Inc.,* 417 S.W.2d 939, 941[1–3] (Mo.1967); *Brown v.*

*St. Louis Public Service Co.,* 421 S.W.2d 255 (Mo. banc 1967); *Gousetis v. Bange,* 425 S.W.2d 91, 94–95[4] (Mo.1968); *Royal Indemnity Co. v. Schneider,* 485 S.W.2d 452 (Mo.App.1972); *Wyatt v. Southwestern Bell Telephone Co.,* 514 S.W.2d 366 (Mo.App. 1974).

previously noted in footnote 3, an instruction to be used in conversing elements of a humanitarian submission. Plaintiff's theory of recovery obviously was not based on the humanitarian doctrine; hence, MAI 33.-06(6), if properly used as a pattern, could not have been used without modification. It would have been error to use it as a converse instruction in this case without modification.

■ Plaintiff's argument that instruction 4 gave the jury "a roving commission" to find for defendant, because it did not converse all but conversed only two of the numbered paragraphs of instruction 3 is also without merit. Defendant was not required to converse in instruction 4 all of the parts of plaintiff's verdict director or any particular part of it. A defendant may converse any one or more of the elements essential to plaintiff's case. *Lietz v. Snyder Manufacturing Co.*, 475 S.W.2d 105, 109[6] (Mo.1972); Rule 70.01(f);[7] MAI 33.01, supra.

■ However, it is difficult to determine to which elements of plaintiff's case the converse instruction is directed. It appears at first to be directed only at paragraphs "Second" and "Third" of plaintiff's verdict director, but, on another examination, it also appears to be directed at all propositions submitted in the "First" through "Fourth" paragraphs, because the "Third" paragraph of the converse tells the jury it may find for defendant unless it believes defendant was negligent "as submitted in Instruction Number 3," i. e., all elements of negligence submitted in plaintiff's case. In this respect instruction 4 is misleading and confusing. Furthermore, the "Third" paragraph of the instruction does not converse the "Fifth" paragraph of instruction 3 "in substantially the same language" as that of the verdict director as required by MAI 33.01. It thereby violated MAI 33.01 and the court erred in giving the instruction. Defendant has failed to demonstrate to our satisfaction that this error, combined with the misleading and confusing nature of instruction 4, did not have an effect prejudicial to plaintiff.

Because the case is reversed for the giving of instructions 4 and 6, we suggest that if, upon retrial, plaintiff's verdict director is again patterned after MAI 22.01, that defendant should consider using as a pattern for his converse an instruction other than MAI 33.06(6).

Plaintiff also attacks the giving of instruction No. 6, which reads:

"The term 'young children' as used in these instructions means children too young to appreciate the danger of falling from a height."

■ Plaintiff contends that the court erred in giving this instruction, because (1) it attempts to limit or change, contrary to the provisions of § 339, Restatement, supra, the description or definition of "young children" to whom the possessor of land would be liable for bodily harm; and (2) it is misleading. We agree.

Section 339, supra, reads:

"A possessor of land is subject to liability for bodily harm to young children trespassing thereon caused by a structure or other artificial condition which he maintains upon the land, if

(a) the place where the condition is maintained is one upon which the possessor knows or should know that such children are likely to trespass, and

(b) the condition is one of which the possessor knows or should know and which he realizes or should realize as involving an unreasonable risk of death or serious bodily harm to such children, and

(c) the children because of their youth do not discover the condition or realize the risk involved in intermeddling in it or in coming within the area made dangerous by it, and

---

**7.** References to rules are to Supreme Court Rules.

(d) the utility to the possessor of maintaining the condition is slight as compared to the risk to young children involved therein."

The Restatement's comment on clause (b), supra, reads, in part:

"An artificial condition may be peculiarly dangerous to children because of their tendency to intermeddle with things which are notoriously attractive to them, but this is not the only childish characteristic which may make an artificial condition, which involves no serious risk to an adult, highly dangerous to children. Children are notoriously inattentive to their surroundings, and this characteristic may make it unlikely that children will discover a condition which would be obvious to an adult. The lack of experience and judgment normal to young children may prevent them from realizing that a condition observed by them is dangerous or, although they realize that it is dangerous, may prevent them from appreciating the full extent of the risk."

The young children to whom the possessor of land is liable for bodily harm under § 339, supra, are those who, " * * * because of their youth[,] do not discover the condition or realize the risk involved in intermeddling in it or in coming within the area made dangerous by it * * *"; his liability is not confined to those who are "too young to appreciate the danger of falling from a height." Instruction 6 erroneously limits or restricts the membership of the group or "class" of trespassing children to whom the possessor of land (defendant) may be liable.

■ Furthermore, the term "young children," used in § 339, supra, and plaintiff's verdict directing instruction, did not require definition. It is common knowledge that a child almost five years of age is prone to explore, is inattentive to his surroundings while doing so, and is unable to comprehend the danger and risk presented in a construction site such as that involved in this case.

■ Further, the instruction's definition of young children is not applicable to the facts of this case, is misleading, and is erroneous for these reasons. The facts here do not involve a child falling from a "height" to the ground; they involve a child falling from the natural "security" of ground level into a "hole" in the ground, an artificial condition created by defendant which the child may not have discovered or realized the risk involved in coming within the area made dangerous by it.

For the reasons stated, the giving of instruction 6 was error prejudicial to plaintiff.

The last three points briefed by plaintiff are very general claims of error in the admission of evidence relative to the supervision and care given to students attending St. Mary's school and the warnings given them to stay away from the construction site. In connection with this charge of error, plaintiff also contends the court erred "in allowing persistent reference to 'unsupervised children.'"

■ In the first of these three points plaintiff refers only to the admission of "evidence of St. Mary's supervision of their students at street crossings," and, more specifically, to the testimony of Sister Mary Edwina Comboy, principal of the school, that the elementary school children were not permitted to cross the streets unsupervised. Plaintiff's objection to this testimony was sustained and the jury instructed to disregard it. Also, in connection with allowing defendant to refer persistently to "unsupervised" children, plaintiff's objection was sustained in the only instances thereof mentioned in this point of his brief. For obvious reasons, plaintiff is in no position to charge that the court erred in ruling on the admissibility of this evidence.

■ In the remaining two points of the three plaintiff contends that the court erred in the admission of evidence that the school children were warned to stay away from the construction area and that defendant had no knowledge that young children, stu-

dents or nonstudents, had gone into any part of the construction area prior to plaintiff's injury. A related point was discussed in the first appeal of this case. 485 S.W.2d at 78[1]. The court said: "These are facts to be considered by a jury in determining whether or not defendant knew or should have known that children were likely to trespass, but the fact that plaintiff's injury was not preceded by a history of known trespass cannot excuse the defendant if he could reasonably have foreseen the likelihood of the presence of children at the construction site." The court did not err in the admission of this evidence.

The judgment is reversed and the cause is remanded.

MORGAN, HOLMAN, BARDGETT and FINCH, JJ., concur.

DONNELLY, J., concurs in separate concurring opinion filed.

SEILER, C. J., concurs and concurs in separate concurring opinion of DONNELLY, J.

DONNELLY, Judge (concurring).

This is another in a line of cases in which we must deal with contributory negligence in terms of "appreciation of risk;" and where the defenses of assumption of risk and contributory negligence do not differ in legal effect. Cf. *Turpin v. Shoemaker*, 427 S.W.2d 485 (Mo.1968).

I concur in the majority opinion but desire to indicate my view that, when the question is fully presented to us on appeal, we should consider: (1) abrogating contributory negligence, assumption of risk, and the humanitarian doctrine; and (2) adopting the "pure" form of comparative negligence. Cf. *Li v. Yellow Cab Company of California*, 13 Cal.3d 804, 119 Cal.Rptr. 858, 532 P.2d 1226 (1975).

There would seem to be no question that contributory negligence (*Butterfield v. Forrester*, 1809, 11 East 60, 103 Eng.Rep. 926), assumption of risk (*Cruden v. Fentham*,

1799, 2 Esp. 685, 170 Eng.Rep. 496), and the humanitarian doctrine, are, as *general* concepts, court-made and not legislative-made. Cf. *Abernathy v. Sisters of St. Mary's*, 446 S.W.2d 599 (Mo. banc 1969) and *O'Dell v. School District of Independence*, 521 S.W.2d 403 (Mo. banc 1975). An exception would seem to be actions for wrongful death (§§ 537.080 and 537.085, RSMo 1969).

Therefore, under *Abernathy*, supra, I do not believe we need defer to the General Assembly in resolving the matter. The doctrines were established by the courts and, if they are to be abrogated or changed, this Court should abrogate or change them.