**Lawrence K. EPPLE, Jr., et al., Respondents,**

v.

**WESTERN AUTO SUPPLY COMPANY et al., Appellants.**

No. 59683.

Supreme Court of Missouri, En Banc.

Nov. 14, 1977.

Paul S. Brown, St. Louis, for appellants.

Alan G. Kimbrell, St. Louis, Jerome W. Seigfried, Mexico, for respondents.

John C. Milholland, Harrisonville, Missouri Assn. of Trial Attys., amicus curiae.

Warren D. Welliver, Columbia, State Farm Mut. Ins. Companies, amicus curiae.

Joseph A. Sherman, Robert A. Babcock, Thomas O. Baker, Kansas City, Westmo Defense Lawyers Assn., amicus curiae.

John W. Wade, Nashville, Tenn., amicus curiae.

---

RENDLEN, Judge.

The principal issues on appeal of this cause were decided by opinion of March 14, 1977, now reported in 548 S.W.2d 535 (Mo. banc 1977). Because of instructional error the judgment was reversed and the cause remanded for retrial. Prior to remand, however, the case was docketed for further briefing and argument at the September, 1977, session of this court to determine whether some form of comparative negligence should be declared applicable to such actions in Missouri and utilized on resubmission of this case in the trial court.

Neither party had urged consideration of comparative negligence, but its adoption in some form having been suggested from time to time, the court concluded it appropriate to consider the question in this case. To that end amici briefs were invited. The subject was ably briefed by the parties, as well as several amici curiae, and an array of contrasting plans suggested. The court appreciates the service rendered by all involved and the briefs and oral arguments assisted immeasurably in the court's consideration of the issue.

While we maintain the view expressed in the concurring opinion of *Anderson v. Cahill*, 528 S.W.2d 742, 749 (Mo. banc 1975), that general principles of negligence, contributory negligence and related concepts are court made and may be abrogated or changed by this court, we have concluded not to adopt any form of comparative negligence at this time. The subject is complex and takes a variety of forms in the several states where it is in use. The fact that conversion to such a new system involves many policy decisions may be the reason why most states which have adopted the doctrine in some form, have done so by legislative action. In this connection we note that during the past four years the General Assembly has considered on at least six occasions proposed acts which included some form of comparative negligence. The issue seems suited for legislative action. Accordingly, we conclude that for the present we should not adopt comparative negligence by judicial decision and this cause is ordered remanded for retrial in accordance with the court's opinion of March 14, 1977.

MORGAN, C. J., and HENLEY and FINCH, JJ., concur.

DONNELLY, J., concurs in result in separate opinion filed.

BARDGETT, J., dissents.

SEILER, J., dissents in separate dissenting opinion filed.

DONNELLY, Judge, concurring in result.

In my opinion, the briefs filed by appellants and respondents demonstrate that comparative negligence should not be adopted *in this particular case*. However, I believe this Court should deal with the subject of comparative negligence in an appropriate case.

Accordingly, I concur only in the result.

SEILER, Judge, dissenting.

My present inclination is that we should adopt a fair and reasonable form of comparative negligence and I believe the present humanitarian case would have been an appropriate vehicle for the purpose, although it must be conceded that the possibility was raised *sua sponte* by the court.

Perhaps a future case will present the issue directly. Should a plaintiff endeavor, for example, to recover for injuries under a comparative negligence standard, as a second count of a negligence petition, a trial court's disposition of that count would permit the issue to be raised on appeal by the parties.