David W. STEINMAN, Appellant,

v.

Cornelius E. STROBEL and Donald O. Schnieders, Respondents.

No. KCD 30451.

Missouri Court of Appeals, Western District.

June 9, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 8, 1980.

Application to Transfer Denied Sept. 9, 1980.

Thomas A. Vetter and Dale C. Doerhoff of Cook, Vetter & Doerhoff, Jefferson City, for appellant.

John E. Burruss, Jr. of Hendren & Andrae, Jefferson City, for respondent Cornelius Strobel.

Hamp Ford and Marvin E. Wright of Knight, Ford, Wright, Atwill & Parshall, Columbia, for respondent Donald Schnieders.

Before TURNAGE, P. J., and SHANGLER and MANFORD, JJ.

MANFORD, Judge.

This was an action upon the theory of negligence for personal injury damages. This appeal includes a joint motion to affirm the circuit court judgment. This court ordered the motion taken with the case. The motion is sustained.

Appellant filed his petition against three defendants. Prior to trial, one defendant settled. The remaining defendants, respondents herein, pleaded the defense of contributory negligence. Immediately following appellant's opening statement, the trial court sustained respondent Schnieders' motion for directed verdict. Upon trial against respondent Strobel, the jury returned a finding in favor of respondent Strobel.

An appeal was filed in this court following the overruling of appellant's motion for new trial. Prior to the submission of briefs with this court, appellant filed his application for transfer of said cause, prior to opinion, to the Missouri Supreme Court.

Appellant's motion to transfer was premised upon the sole basis of reexamination of the law on contributory negligence and the reconsideration of judicial adoption of the theory of comparative negligence. In his motion to transfer, appellant declared:

"11. Appellant's motion for new trial preserved the issue of comparative negligence as the primary issue (Tr. 279–281, attached). A few other allegations of error are set forth in the motion for new trial, but appellant is so pessimistic of his opportunities at a second trial with the defense of contributory negligence intact that he would abandon all allegations of error other than those relating to the issue of comparative negligence if this Court grants this application for transfer."

Transfer before opinion was granted and briefs were submitted directly to the Supreme Court pursuant to Rule 83.06. The only issue briefed and addressed was comparative negligence versus contributory negligence.

On November 14, 1979, the Supreme Court issued its opinion (*Steinman v. Strobel*, 589 S.W.2d 293 [Mo.banc 1979]) in the case, again stating that judicial adoption of comparative negligence would not be appropriate. The Supreme Court reaffirmed its decision in *Epple v. Western Auto Supply Co.*, 557 S.W.2d 253 (Mo.banc 1977). On November 29, 1979, appellant filed his motion for rehearing or modification of the November 14, 1979 decision. In this motion, appellant reargued the issue of comparative negligence and in the alternative, urged the Supreme Court to affirm the judgment of the circuit court rather than to transfer the case to this court. In his motion to rehear or in the alternative to affirm the circuit court judgment, appellant stated:

" . . . When appellant applied for transfer to this Court, he advised the Court that he did not desire a retrial unless he could do so on the theory of comparative negligence, and he represented that all other assignments of error would be abandoned if the Court agreed to the transfer. These representations were a waiver of any error that could now be asserted before the Court of Appeals. *Emerson v. Mound City*, 26 S.W.2d 766 (Mo.1930); *Harshaw v. St. Louis, I.M. & S. Ry. Co.*, [173 Mo.App. 459] 159 S.W. 1 (Mo.App.1913) [sic]. If the rehearing is not granted then the judgment of the trial court should be affirmed." (Suggestions in support of motion to rehear or modify)

On December 6, 1979, the Supreme Court denied appellant's motion for rehearing. On January 4, 1980, respondents filed a joint motion to affirm the judgment in this court on the premise that appellant had abandoned all other alleged errors by and upon his granted request to transfer to the Supreme Court.

■ The question before this court under respondents' motion is whether or not appellant abandoned and specifically waived all other issues than the one issue of comparative negligence determined by the Supreme Court.

Without question, had appellant proceeded on direct appeal and professed to this court the same declaration of his abandonment of all alleged errors except the issue of comparative negligence as he did to the Supreme Court, a full and unequivocal abandonment of all other alleged errors would have occurred.

In his motion to transfer, appellant specifically abandoned all other issues. In his brief to the Supreme Court, appellant stated Rule 84.04(d) required that his brief include "what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous . . . ." His brief before the Supreme Court included only one error, that being comparative negligence. Oral argument by appellant before the Supreme Court was directed to only one alleged error, that being comparative negligence. Appellant's motion to rehear reiterated his abandonment of all other alleged errors.

■ Abandonment can occur by the action of the parties to litigation. A narrowing of the issues can result by the action or upon the request of the party or parties and hence a waiver of all other issues occurs thereby, see *Harshaw v. St. Louis, I.M. & S. Ry. Co.* and *Emerson v. Mound City, supra* referred to by appellant in his motion to transfer. See also *Brotherton v. Kissinger*, 550 S.W.2d 904 (Mo.App.1977); *Burger King of St. Louis, Inc. v. Weisz*, 444 S.W.2d 517 (Mo.App.1969) and *Benham v. McCoy*, 213 S.W.2d 914 (Mo.1948), which recognize the narrowing of the issues and the abandonment of remaining issues as a result thereof.

The record in the instant case clearly denotes the repeated expression of abandonment of all other alleged errors in this case by appellant. By virtue of appellant's election to abandon and under the authority cited herein, respondents' motion to affirm the judgment of the trial court is in all respects sustained.

All concur.