**Marilyn G. PRAUGHT a/k/a Marilyn G. Carpenter, Plaintiff-Appellant,**

v.

**Raymond L. CARPENTER, Defendant-Respondent.**

**No. 46071.**

Missouri Court of Appeals, Eastern District, Division Four.

Aug. 23, 1983.

Harold B. Bamburg, St. Louis, for plaintiff-appellant.

Doris Gregory Black, St. Louis, for defendant-respondent.

PUDLOWSKI, Presiding Judge.

This is an appeal from a jury tried case denying appellant recovery on an alleged repudiation and breach of a support contract. Appellant alleges trial court error in

submitting a converse jury instruction that was not substantially in the same language as the verdict director and trial court error in admitting into evidence that respondent made more payments than were required under the support contract. We affirm.

In September 1962, appellant, Marilyn G. Praught, and respondent, Raymond L. Carpenter, became engaged. The couple began to live together and two children were born to the parties though they never married. In April 1969, the parties entered into a written agreement by which it was agreed that respondent would make the mortgage payments on the house owned jointly by the parties, make all tax payments on the real estate and pay $300 per month toward the support of the children. Appellant agreed to raise the children, provide for their education and general welfare and to provide visitation and temporary custody to the father.

In regard to the child support payments, evidence adduced by both parties indicated that shortly after the agreement had been signed, respondent on his own initiative increased the child support payments to $500 per month. This increased payment continued until April or May 1981, when respondent terminated his performance under the contract. Subsequently, appellant filed a cause of action alleging that respondent breached the contract. When the cause came to trial, appellant moved that the court withdraw from the jury all considerations about purported evidence of excess payments. The trial court denied appellant's motion. The jury subsequently returned a verdict in favor of respondent. This appeal follows.

Appellant contends that the trial court erred in submitting to the jury a converse instruction that was not substantially in the same language as the verdict director and as a result was prejudicially confusing and misleading to the jury.

The verdict director submitted by appellant followed the form of MAI 26.06 and was stated as follows:

> Your verdict must be for plaintiff if you believe:

First, plaintiff and defendant entered into an agreement whereby plaintiff agreed to raise the parties' two children to the best of her ability and to provide for their education and general welfare, and defendant agreed to make all monthly mortgage, support and other payments as set forth in the parties' agreement dated April 15, 1969, and

Second, plaintiff performed her agreement, and

Third, defendant failed to perform his agreement, and

Fourth, plaintiff was thereby damaged:

> unless you believe plaintiff is not entitled to recover by reason of Instruction Number 6.

Respondent's Instruction Number 6 stated:

> Your verdict must be for the defendant if you believe: That plaintiff breached the agreement by failing to perform her obligations thereunder.

Appellant cites this court to *Anderson v. Cahill*, 528 S.W.2d 742, 747 (Mo. banc 1975) and *Austin v. Western Auto Supply Co.*, 421 S.W.2d 203, 205 (Mo.1967) for the proposition that a true converse must use substantially the same language as the verdict director; and that failure to do so, leads to confusing instructions and is grounds for reversal. This statement of the law is correct, but it is not supportive of plaintiff's position. In *Anderson,* the Missouri Supreme Court had before it an action for injuries sustained by a 4 year 10 month old child when he fell into an unguarded 10 foot deep excavation in a residential area of Independence, Missouri. The court reversed the case for a new trial because of errors in the instructions. The court stated that it was difficult to determine from the instruction, "which elements of plaintiff's case the converse instruction is directed." The court went on to state that, combining the fact that the converse instruction was not in "substantially the same language," with the misleading and confusing nature of the instruction, that the defendant failed to demonstrate to the court's satisfaction

that his error did not have a prejudicial effect on the plaintiff. Consequently, the case was reversed.

In *Austin,* the action was one for breach of the implied warranty of fitness of the product for the use intended. Plaintiff purchased an automobile bumper jack for a 1957 Buick. The jack malfunctioned, injuring plaintiff. Plaintiff, in his verdict director, submitted ". . . the jack was not fit for such use." Defendant undertook to converse the element of unfitness for the use intended and causation. In so doing, defendant used the phrase, "as a direct result of the condition of the jack." The court ruled that the "condition" of the jack was not an issue. The jack could have been in excellent condition, the issue being whether it was fit for use on plaintiff's car. The court further ruled that this was a misdirection of the jury, "which permitted the jury to determine the case on the basis of a false issue, [and as such] constituted reversible and prejudicial error." *Austin,* at 205.

■ In the case at bar, as opposed to *Anderson,* there is no difficulty in determining that the second element of plaintiff's verdict director is being conversed. The matters contained in Instruction Number 6 constituted a denial that appellant performed her agreement, which was alleged by appellant in the second paragraph of her verdict director. The language, although different is synonymous and substantially the same, and therefore as such could not have misled the jury.

The *Austin* case is also not in point. In that case the court ruled on the basis of the converse instruction injecting a false issue into the case. The instruction in this case did not inject any such false issue. Appellant's point is denied.

Appellant's second point alleges that the trial court erred in admitting evidence and refusing to withdraw the evidence that respondent made more payments than called for under the agreement because there was no evidence that either party intended that the excess payments be credits against future contractual obligations.

■ Appellant contends that evidence of voluntary excessive payments are as a matter of law inadmissible when there is no evidence that the parties intended the excess payments be credited against future contractual obligations. In support of this argument, appellant cites *In re the Marriage of Simmons,* 636 S.W.2d 351 (Mo.App. 1982) and *Webb v. Webb,* 475 S.W.2d 134 (Mo.App.1971). These decisions hold as a general rule that a party who voluntarily exceeds the decreed child support requirements may not claim credit against support due in the future. *Simmons* at 352, *Webb* at 136. However, *Simmons* and *Webb* were premised on a father's obligation to support his children as ordered under a decree of dissolution. In the case at bar, respondent's liability is founded upon a contractual obligation and not upon an order by the court. Appellant has chosen to seek redress by means of breach of contract suit and not through a petition for declaratory judgment and support. As a result of this decision, the issue brought before the trial court was whether respondent breached his contractual obligations and not whether respondent failed in his legal obligation to support his children. Compare R_____ v. R_____, 431 S.W.2d 152 (Mo.1968).[1] For this reason, appellant's cited authority pertaining to child support decrees is not dispositive of the issue before this court.

Further, respondent testified by way of deposition that it was his hopeful desire that the extra payments be accumulated, invested, and retained by appellant to be used for the purposes stated in the agreement at a later date. Thus, evidence was presented to show the parties' intention. We find that the trial court in its sound discretion did not err in admitting into evidence that respondent made monthly payments in excess of those called for under the agreement.

Judgment affirmed.

SMITH and KELLY, JJ., concur.

1. We do not decide whether respondent has the responsibility to further support his children, irrespective of the contract, as such issue was not before the trial court.