Karen COWELL, et al., Appellants,

v.

Joan Marie THOMPSON, Respondent.

No. 48749.

Missouri Court of Appeals,
Eastern District,
Division One.

July 22, 1986.

John A. Turcotte, Jr., St. Louis, for appellants.

Scott C. Harper, Clayton, for respondent.

SNYDER, Judge.

Plaintiff-appellant Karen Cowell brought suit to recover for personal injuries which were caused by a collision between an automobile in which Cowell was a passenger and an automobile driven by defendant-respondent Joan Marie Thompson. Plaintiff was seriously injured and sought $75,000 for damages and expenses. The jury returned a verdict for defendant. The judgment is affirmed.

The appeal hinges upon the propriety of a converse instruction offered by defendant and given by the trial court. The plaintiff's verdict directing instruction was based on negligence per se for being on the wrong side of the road but did not use the word "negligence". The converse did not substantially follow the language of the verdict director, but instead referred to "negligence" and defined the term.

At approximately 4:00 p.m. on November 24, 1980, respondent was driving north at a speed of approximately 35 miles per hour on Lindbergh Boulevard in south St. Louis County near a business establishment known as the Toy Chest. There were two northbound lanes. Respondent was in the curb lane.

As respondent approached the area around the Toy Chest, she started to pass a line of cars stopped in the left northbound lane for a car making a left turn. From these stopped cars, a cream colored car pulled out suddenly in front of respondent's automobile. Respondent applied her brakes and swerved to her right to avoid hitting the cream colored car, which did not stop. Its license number and owner are unknown.

Respondent's car hit the curb, came back across Lindbergh, where it struck a brown car in the northbound lane of stopped cars, continued across Lindbergh Boulevard where it collided with the car in which appellant was a passenger in the curbside southbound lane. Appellant sustained serious injuries.

Appellant submitted her case under a theory of negligence per se, alleging that defendant had been driving on the wrong side of the road in violation of § 304.015 RSMo.1978. In appellant's sole point relied on she maintains that the trial court erred in submitting instruction no. 7, based on MAI 33.04. Appellant argues that this instruction is an improper converse instruction because it does not substantially follow the language of appellant's verdict director.

Plaintiff-appellant's verdict director:

### INSTRUCTION NO. 6

Your verdict must be for plaintiff Karen Cowell if you believe:

First, defendant Joan Marie Thompson's automobile was on the wrong side of the road, and

Second, as a direct result thereof, plaintiff Karen Cowell sustained damage, Unless you believe plaintiff is not entitled to recover by reason of instruction no. 7.

Defendant-respondent's converse instruction:

## INSTRUCTION NO. 7

Your verdict must be for defendant unless you believe that defendant's automobile was on the wrong side of the road and defendant was thereby negligent. The term "negligent" as used in this instruction means the failure to use the highest degree of care. The phrase "highest degree of care" means that degree of care that a very careful and prudent person would use under the same or similar circumstances.

■ Under Missouri law, proof of a statutory traffic violation consistently has been held to be negligence per se. *Condos v. Associated Transports, Inc.*, 453 S.W.2d 682, 686[1, 2] (Mo.App.1970). The issue of negligence per se is covered under MAI 17.17 and 17.18, which do not submit the issue of negligence to the jury. The jury is required to find only that defendant violated a statute and as a direct result of that violation plaintiff sustained damage. *Bentley v. Crews*, 630 S.W.2d 99, 105[6, 7] (Mo.App.1981). In cases where the evidence supports it, a defendant is allowed an instruction reflecting his justification or excuse for the violation of the statute. *Id.*

■ Appellant correctly submitted under MAI 17.17. Respondent was entitled to an instruction on justification or excuse. *Bentley v. Crews*, 630 S.W.2d at 105[6, 7]. There was evidence to support the fact that respondent initially was acting in an emergency in order to avoid a collision and later became unconscious.

■ Emergency instructions are no longer permitted under MAI. Although an instruction may not be given, the defense

remains and a defendant may introduce any evidence which tends to establish he is not guilty of negligence. *Coffel v. Spradley*, 495 S.W.2d 735, 740[11–13] (Mo.App. 1973). In order to determine the reasonableness of defendant's conduct, the jury must know the standard of care. Respondent's instruction was correct in that it placed the proper standard of care, "highest degree of care", before the jury. Section 304.010 RSMo.1978. *State ex rel. State Highway Commission v. Blair*, 484 S.W.2d 36, 37[1] (Mo.App.1972).

■ Although a defendant is not automatically exonerated because an emergency existed, the fact that action was taken in an emergency is a factor that may be considered in determining the reasonableness of the defendant's action. *Brantley v. Couch*, 383 S.W.2d 307, 313[8, 9] (Mo.App. 1964); quoting *Jones v. Hughey*, 283 S.W.2d 550, 552[1–3] (Mo.1955).

A jury may be permitted to determine whether a driver who swerves to the left of center in an emergency, in order to avoid a collision, does what a person exercising the highest degree of care would have done. *Jones v. Smith*, 372 S.W.2d 71, 78[8] (Mo. 1963).

■ In the present case, however, defendant submitted her instruction as a converse, not as an affirmative justification or excuse instruction. Where plaintiff's verdict director does not require finding defendant negligent, it is error to give a converse which directs a finding for defendant if he was not negligent. *Oventrop v. Bi-State Dev. Agency*, 521 S.W.2d 488, 493[10] (Mo.App.1975); *Frogge v. Nyquist Plumbing and Ditching Co.*, 453 S.W.2d 913, 917[6] (Mo. banc 1970); *Brewer v. Swift & Co.*, 451 S.W.2d 131, 133[1] (Mo. banc 1970). A converse instruction must be in substantially the same language as the verdict director. MAI 33.01; *Anderson v. Cahill*, 528 S.W.2d 742, 746[1] (Mo. banc 1975).

Respondent argues that the error in her converse is not prejudicial and that under *Fowler v. Park Corp.*, 673 S.W.2d 749 (Mo.

banc 1984), plaintiff has waived her right to complain about this error because she objected only generally, and not specifically, before the giving of the instruction. Plaintiff did bring the instructional error up in her motion for new trial.

In *Fowler*, the Missouri Supreme Court found no prejudicial error where negligence was defined as the care that "a *very* careful and prudent person" would use instead of the care that "an ordinarily careful and prudent person" would use. 673 S.W.2d at 756[9, 10]. *Fowler* held that instructional errors should be reversed only for "defects of substance with substantial potential for prejudicial effect". *Id.*

Respondent was entitled to an instruction reflecting her justification or excuse, and defining the proper standard of care. *Bentley v. Crews*, 630 S.W.2d at 105[6, 7]. There are no MAI instructions on justification or excuse, a troublesome omission.

Respondent offered an affirmative converse instruction patterned after MAI 33.05 which was refused by the trial judge who indeed expressed some doubt about instruction no. 7. The offered affirmative converse which was refused by the court is not included in the record. Therefore, this court cannot assess its propriety.

The error in defendant's converse instruction would have been avoided if it had been reworded, making it an affirmative converse by changing "unless" to "if", and "and" to "but", and adding a "not". The first sentence would then read:

> Your verdict must be for defendant if you believe that defendant's automobile was on the wrong side of the road but defendant was not thereby negligent.

The affirmative converse instruction, unlike a true converse, should not use the same language as has already been submitted in the verdict directing instruction. MAI 33.01, Notes on Use.

Appellant's counsel used the instruction in argument, making many specific references to respondent's "negligence". The closing arguments may be examined to determine whether possibly erroneous instructions had a prejudicial effect. *Fowler v. Park Corp.*, 673 S.W.2d at 756[13].

In the present case, where the erroneous converse instruction could have easily been corrected to an affirmative converse by changing three words, the converse instruction was not specifically objected to, and appellant argued the negligence submitted in the converse instruction, the error in the converse instruction was not prejudicial.

The judgment is affirmed.

CARL R. GAERTNER, P.J., and SMITH, J., concur.