**Bertha BROWNRIDGE and Alonzo Brownridge, Plaintiffs-Appellants,**

v.

**C. Grant LESLIE and Profexray, Inc., Defendants-Respondents.**

No. 53882.

Supreme Court of Missouri, Division No. 2.

Feb. 18, 1970.

Hullverson, Richardson & Hullverson, John J. Frank, St. Louis, for plaintiffs-appellants.

Walter F. Timm, Bernard, Timm & McDaniel, St. Louis, for defendants-respondents.

JAMES RUDDY, Special Judge.

This is an appeal from a judgment and verdict in favor of the defendants and against the plaintiff, Bertha Brownridge, for her claim for personal injuries under Count I of her petition and against her husband, Alonzo Brownridge, under Count II of the petition for his claim for loss of services and medical expenses as a result of his wife's injuries.

On April 21, 1966, plaintiff Bertha Brownridge was driving her automobile eastwardly on Page Avenue in the County of St. Louis. She brought her automobile to a stop in compliance with an electric signal at the intersection of Page and Hanley. She thereafter was struck in the rear by an automobile being driven by defendant Leslie as an agent and servant for defendant Profexray, Inc. It was admitted the impact was slight.

Mrs. Brownridge claimed injury to her neck and back as a result of the occurrence. She was taken to Barnes Hospital where she subsequently came under the care of Dr. Harry Morgan, an orthopedic surgeon. He performed a myelogram in August of 1966 and subsequently made a diagnosis of a ruptured intervertebral disc at the Lumbar 5–Sacral 1 inner-space. He operated on her on October 25, 1966, and removed the disc involved. It was his opinion that the disc protrusion was the result of the collision of April 21, 1966.

It was further developed that Mrs. Brownridge had injured her back in 1963 when she fell over a table while cleaning in her home. She had also injured her back in August of 1964 when she was driving an automobile that ran into the rear of another automobile. She had come under the care of Dr. Morgan as a result of the 1964 accident. However, he testified that there was no evidence of any ruptured disc following the accident in 1964.

Plaintiff Alonzo Brownridge was not present at the time of the accident out of which this cause of action arose. However, he was present at the time his wife was involved in the automobile accident in August of 1964.

Plaintiffs' first point on appeal concerns the cross-examination of plaintiff Alonzo Brownridge while testifying in the instant case. After questioning Mr. Brownridge about the facts of the 1964 accident, defendant's counsel asked whether or not there were any arrests made at the scene of the accident to which he received a negative answer. He pursued the questioning by asking whether any arrests were made at a later time. Following a timely objection the Court limited the witness's answer to a "yes" or "no." Following this, defendant's counsel asked the following question:

"As a matter of fact, she (Bertha Brownridge) was arrested for violating the signal, wasn't she?"

This question, of course, related to an accident that took place in 1964, which facts were not remotely related to the instant case. The trial Court immediately sustained an objection to the question and instructed the jury to disregard the question. Following a colloquy at the Bench, counsel for plaintiffs asked for a mistrial, which request was denied.

■ The question, of course, was an improper question and should not have been asked. The issues involved were whether defendants were negligent and whether plaintiffs sustained damages as a result of such negligence. Under no circumstances could the fact that plaintiff Bertha Brownridge had been arrested following an accident in 1964 be construed to be relevant to the issues in the instant case.

■ It is to be noted, however, that the only relief not granted by the trial court was the admonishment of counsel and the request for a mistrial. In addition, no answer was given to the question propounded. The admonishment of trial counsel is within the sound discretion of the

trial court, State v. Rack, Mo.Sup., 318 S.W.2d 211, l. c. 217 (12, 13). The Court could feel the impact of the question propounded and its effects on the jury. Much is left to the discretion of the trial court in determining whether corrective and affirmative action is appropriate and necessary. Cotton v. Pyle, Mo.Sup., 400 S.W.2d 72, l. c. 76(2–5). Hoffman v. Illinois Terminal Railroad Co., Mo.App., 274 S.W.2d 591, 595(9). Under the circumstances, we cannot say that the trial court committed prejudicial error in failing to admonish counsel. Nor can we say that the trial court committed prejudicial error in failing to declare a mistrial. In the case of Cotton v. Pyle, supra, this Court upheld the trial court in failing to declare a mistrial upon the asking of a question similar in nature to the one in this case. In the Cotton case, supra, a police officer was asked whether or not he issued a ticket to Mr. Pyle (defendant-appellant) at the scene of the accident. A verdict for the plaintiff was upheld by this Court. Appellant complained on appeal of this improper question and the trial court's failure to declare a mistrial. We agreed that it was an improper question and should not have been asked. The Court said "The issue is, then, whether there was such prejudice that the effect of the question, tending to suggest that appellant was at fault on the issue of his liability, could not be removed by the Court's instruction to the jury to utterly disregard it." We held that it could be removed by the action of the trial court. In the instant case the question did not concern itself with the question or issue of negligence or injury. It dealt with an accident that occurred in 1964 which was not even remotely connected with the case in question. Under the circumstances, the trial court promptly instructed the jury to disregard the question. We cannot say that the trial court abused its discretion in not declaring a mistrial. Such matters rest largely within the discretion of the trial court. McGinley v. St. Louis Public Service Co., Mo.Sup., 239 S.W.2d 321, l. c. 324 (5, 6). A mistrial should be granted only where the incident is so grievous that the prejudicial effect can be removed no other way. State v. Craig, Mo.Sup., 433 S.W.2d 811, l. c. 814 (2–5).

Plaintiffs' first point is overruled.

Plaintiffs' second point on appeal concerns itself with the final argument of defendant's counsel to the jury. The following argument took place:

Mr. Timm, (defendant's counsel):

"This is a lot of money for this. I will ask you, is that fair? I want to ask you what would you do if you were in Mr. Leslie's situation and you were confronted with this suit, and you were sued in this Court—."

Mr. Frank, interrupting:

"That is improper argument, asking the jury to put themselves in the place of either party."

Mr. Timm:

"I am not asking them to do that."

The Court:

"He may proceed, this is argument."

Mr. Timm:

"I am not asking them to put themselves —all I can tell you that if I were in this position I believe I would perhaps want to quit driving an automobile."

No request for any affirmative action of any sort was made on the Court by plaintiffs' counsel. Plaintiffs cite the case of Faught v. Washam, Mo.Supp., 329 S.W.2d 588, 601 (25–26) as authority for such argument being prejudicial. In that case, this Court said "standing alone, an appeal to jurors to put themselves in plaintiff's place does not always constitute reversible error * * *."

Citing Williamson v. St. Louis Public Service Co., 363 Mo. 508, 252 S.W.2d 295, l. c. 303(16).

We cannot consider this argument as a plainly urgent and manifestly improper invitation to the jurors to place themselves in the position of the defendants. Fisher v. Williams, Mo.Sup., 327 S.W.2d 256, 1. c. 264 (12, 13). There was no request to have the jury instructed to disregard the argument, or that a mistrial be declared and the jury be discharged. The argument was certainly not so inflammatory or improper that this Court should intervene and grant a new trial. Fisher v. Williams, supra, Blanford v. St. Louis Public Service Co., Mo.Sup., 266 S.W.2d 718, 1. c. (722–723).

In addition, the verdict and judgment in the case of Faught v. Washam, supra, was reversed on the theory that numerous errors throughout the trial had a cumulative effect of being prejudicial. We do not have that situation here. Plaintiffs' second assignment of error is overruled.

There being no error materially affecting the merits of plaintiffs' cause of action, the judgment is affirmed. Supreme Court Rule 83.13(b), V.A.M.R. 1959, § 512.160(2).

DONNELLY, P. J., and MORGAN, J., concur.

FINCH, J., not sitting.