**Violet MYERS, Plaintiff/Respondent,**

v.

**Sharon MORRISON,**
**Defendant/Appellant.**

**No. 59481.**

Missouri Court of Appeals,
Eastern District,
Northern Division.

Nov. 19, 1991.

Evans & Dixon, Jeffry S. Thomsen and Debbie Champion, St. Louis, for defendant, appellant.

James & Dalton, Charles F. James, Wentzville, for plaintiff, respondent.

KAROHL, Judge.

This case commenced after a truck and an automobile collided on February 15, 1978, on Route Y in Lincoln County, Missouri. Plaintiff, Violet Myers, was a passenger in the back seat of a Chevrolet Monza operated by her son-in-law, Jay Currie. Plaintiff sued defendant, Sharon Morrison, for personal injuries she sustained when the Monza collided with defendant's half-ton Chevrolet pickup truck. Defendant sued Currie as a third-party defendant. The jury returned a verdict in favor of plaintiff in the amount of $100,000 and assessed 100% of fault against defendant Morrison. It found for third-party defendant Currie on defendant's claim. Defendant appeals only the verdict and judgment for plaintiff, not the judgment for Currie on defendant's third-party claim. Currie is not a party to this appeal. Defendant presents seven points on appeal. We reverse and remand for a new trial because we find the trial court erred in giving plaintiff's verdict directing instruction which omitted a finding that defendant was negligent.

On February 15, 1978, plaintiff and her family were travelling westbound on Route Y, a two-lane paved highway. As they crested a hill, Currie observed a pick-up truck sitting at the bottom of the hill which partially blocked the westbound lane. Currie slammed on his brakes, leaving one hundred and eighty feet of skidmarks, to no avail. A collision ensued. The pick-up sustained damage on the passenger's side near the headlight.

State Trooper Dunlap reported to the scene of the collision. He determined defendant was two feet over the center line at the time of the collision. Trooper Dunlap issued defendant a Missouri Uniform Traffic Ticket for failure to keep right in violation of § 304.015 RSMo 1978. Defendant entered a plea of guilty to the charge.

She received a thirty day suspended imposition of sentence and paid court costs.

Plaintiff, in her second amended petition, alleged defendant operated her pick-up in a careless and negligent manner by: (a) stopping crossways on the highway; (b) failing to yield the right-of-way; (c) driving on the wrong side of the road; (d) failing to keep a proper lookout; and (e) failing to give warning her vehicle was stalled and partially blocking both lanes of travel. Plaintiff did not plead a statutory violation or negligence per se theory of liability.

Prior to trial, defendant made an oral motion in limine to exclude evidence regarding the ticket and plea. Plaintiff argued the evidence would be offered as an admission against interest. Plaintiff did not argue this would be proof of a claim of negligence per se. The court denied defendant's motion. The evidence was admissible as an admission against interest to the pleaded claim of negligence for driving on the wrong side of the road. During trial plaintiff introduced the evidence without objection. However, plaintiff did not move to amend her pleadings.

At the instruction conference, defendant objected to the verdict directing instruction for the reason it failed to submit the element of negligence. The verdict directing instruction read:

Instruction No. 7:

Your verdict must be for plaintiff if you believe:
First, defendant's automobile was on the wrong side of the road, and
Second, as a direct result, plaintiff sustained damage.

During the jury instruction conference, defendant objected to verdict directing instruction "for the reason that it fails to include the element of negligence on the part of defendant Morrison which I feel is an essential element that the jury must find in order to return a verdict in favor of plaintiff and against defendant Morrison."

Defendant's motion for new trial preserved error in submission of the verdict directing instruction "because the instruc-

tion fails to require a finding that defendant Morrison was negligent." Defendant contended the jury could have found snow conditions prevented defendant from backing her vehicle any further on her side of the road or defendant did not prevent Currie's vehicle from passing without collision, hence, being on the wrong side of the road was not a breach of duty. Defendant's motion for new trial repeated defendant's claim the admission of evidence of her plea of guilty to the traffic ticket was only for the purpose of proving an admission against interest on the common law claim defendant was on the wrong side of the road "and not for the purpose of proving any statutory violation."

On appeal defendant alleges:

THE TRIAL COURT ERRED IN GIVING AND READING TO THE JURY INSTRUCTION NUMBER 7, PLAINTIFF'S VERDICT DIRECTING INSTRUCTION BECAUSE THE INSTRUCTION DID NOT REQUIRE THE JURY TO FIND THAT DEFENDANT MORRISON WAS NEGLIGENT AND THIS WAS PREJUDICIAL IN THAT IT PREVENTED DEFENDANT MORRISON FROM EFFECTIVELY PRESENTING HER LIABILITY DEFENSE THAT SHE WAS NOT NEGLIGENT.

Plaintiff contends we should reject this claim because defendant failed to object to the introduction of evidence of defendant's violation of § 304.015 RSMo 1986, the issue of negligence per se was tried by consent and plaintiff's pleading amended accordingly, § 509.500 RSMo 1978. Both parties cite to *Bentley v. Crews,* 630 S.W.2d 99 (Mo. App.1981) in support of their respective contentions.

In *Bentley,* plaintiffs brought a wrongful death action against the Executrix of the Estate of Herbert A. Mahler. An automobile accident gave rise to the cause of action. "Plaintiffs' theory of the accident was that Mahler's Toronado crossed the centerline...." *Id.* at 101. On appeal the executrix alleged the court erred in submitting a verdict director which did not require a specific finding by the jury that Mahler was negligent. Plaintiffs contended the

instruction was properly submitted because Mahler was on the wrong side of the road in violation of § 304.015.2 RSMo 1969. The executrix argued plaintiffs did not plead, prove or argue a statutory violation at trial and were improperly raising the issue for the first time on appeal.

We held in *Bentley* the issue of statutory violation as an act of negligence per se was tried by consent and properly treated as though it had been pled. This holding was based upon our finding "if indeed there was a variance between pleading and proof, [executrix] made no objection to this variance at trial nor did she make this complaint in her motion for new trial." *Id.* at 104.

■ However, our decision in *Bentley* is not controlling. Here, defendant objected to the instruction both at trial and in her motion for new trial. Furthermore, the evidence of a plea of guilty to a traffic citation charging violation of the wrong side of the road statute was admissible as proof of a theory or negligence pleaded in the petition. Admission of the evidence did not represent proof of an unpleaded cause of action. There was no available objection by plaintiff. The absence of an objection did not expressly or impliedly inject a negligence per se theory into the case. Defendant's posture throughout trial was a denial of being across the center line or, in the alternative, if barely across the center line she did not block the lane of travel. Either view preserves an issue of fact for the jury, whether defendant was negligent if on the wrong side of the road. In addition, defendant was allowed to testify she entered the plea of guilty to the traffic citation charging operating on the wrong side of the road as a matter of convenience. She explained it would cost less to plead guilty than defend.

■ Defendant never conceded negligence. The evidence of a plea of guilty was admissible under the common law cause of action pleaded in the petition. The instruction submitting only a negligence per se claim was opposed by timely objection. The ruling of the court was also contested in defendant's motion for new

trial. On these facts, we find a negligence per se theory of liability was not tried by consent. Accordingly, the court erred in submitting the verdict directing instruction which withheld the element of negligence from the jury's consideration. The instruction had the effect of directing a verdict for plaintiff where the issue of negligence was disputed. Because the jury found in favor of plaintiff, the party who requested the erroneous instruction, the error is presumptively prejudicial. *Steenrod v. Klipsch Hauling Co., Inc.*, 789 S.W.2d 158, 165 (Mo.App.1990). Neither plaintiff nor the record rebut this presumption. We reverse and remand for new trial.

■ As to defendant's remaining five points on appeal, we discuss only those issues likely to occur on retrial. In her first point, defendant alleges the court erred in overruling her objection to plaintiff's reference during closing argument to defendant's failure to negotiate. We remind the litigants reference to settlement negotiations during argument "is fraught with danger and should be eschewed." *Andrews v. Terminal R.R. Assoc. of St. Louis*, 716 S.W.2d 344, 345 (Mo.App.1986).

■ In another point, defendant alleges the court erred in sustaining plaintiff's objection to defendant testifying as to whether Currie had enough room to pass around the pickup truck and avoid the collision.

Generally, witnesses must state facts from which the jurors are to form their opinion, but when a witness has personally observed events, he may testify to his "matter of fact" comprehension of what he has seen in a descriptive manner which is actually a conclusion, opinion or inference, if the inference is common and accords with the ordinary experiences of everyday life.

*Travelers Indem. Co. v. Woods*, 663 S.W.2d 392, 399 (Mo.App.1984). Thus, if defendant's attorney lays the proper foundation on retrial, defendant may testify whether she observed as a matter of fact Currie had enough room to avoid the collision.

Defendant also claims the court abused its discretion in denying her post-trial motion for remittitur or, in the alternative, for a new trial because the $100,000 verdict was grossly excessive and prejudicial. Plaintiff's special damages totaled $11,034. Our Supreme Court abolished the practice of remittitur in *Firestone v. Crown Center Redevelopment Corp.*, 693 S.W.2d 99, 110 (Mo. banc 1985). Remittitur and additur were authorized by § 537.068 RSMo Cum. Supp.1991, effective July 1, 1987. Because of the decision to remand for a new trial we need not decide this claim.

We reverse and remand.

CRANE, J., concurs.

CARL R. GAERTNER, C.J., concurs in separate opinion.

CARL R. GAERTNER, Judge, concurring in result.

I agree that the judgment in this case must be reversed and the cause remanded for a new trial. The trial court erred in denying defendant Morrison's motion for a mistrial based upon the repeated argument of plaintiff's counsel that defendant Morrison had refused to enter into negotiations for twelve years after the accident. This argument was completely outside the issues, was totally unsupported by the record, and was calculated only to inflame and prejudice the jury. The success of this injection of prejudice is evidenced by the fact the jury returned a verdict $40,000 in excess of the amount requested by plaintiff's attorney.

Moreover, the argument of plaintiff's counsel that "if you assess Mr. Currie some fault at this time then she [plaintiff] gets nothing" is an absolute misstatement of the law. By overruling the objection to this argument the trial court put its stamp of approval upon an argument which created an entirely false impression of the effect of the jury's verdict on the claim of defendant Morrison against defendant Currie seeking apportionment of fault. Again, the prejudicial effect of this misstatement is demonstrated by the fact the jury ignored the undisputed evidence that defendant Currie skidded 180 feet on a dry highway and struck a stopped vehicle only partially into his lane of traffic.

Although I agree with the conclusion that plaintiff's verdict director, which required no finding of negligence by the jury, was inappropriate under the facts and circumstances shown by the evidence, I reach this conclusion for entirely different reasons than those set forth in Judge Karohl's opinion. I am unable to find any authority in Missouri which requires the express pleading of a statutory violation as a prerequisite to the submission of such a violation, if shown by the evidence, as negligence per se. Evidence demonstrating a violation of a statutory rule of the road is not subject to objection even though the pleading alleges only common law negligence. Therefore, the failure to object to such evidence cannot be construed as a consensual interjection of an unpleaded issue causing an automatic amendment of the pleadings under Rule 55.33. Although fundamental fairness may better be served by requiring that some notice be given to defendant of a plaintiff's intent to proceed on a statutory violation rather than on the pleaded common law negligence, I am aware of no such requirement in the Rules of Civil Procedure. Trial and appellate courts take judicial notice of Missouri statutes, *State v. Miller*, 778 S.W.2d 292, 293 (Mo.App.1989), and the parties are bound by at least constructive notice thereof.

My concern with the submission of this case under a negligence per se theory is unrelated to the absence of pleading or notice. Traditionally the circumstances surrounding the violation of a statutory rule of the road were necessarily considered in determining whether or not such a violation constituted negligence per se. Violation of this traffic regulation under certain circumstances may be negligence per se. Regulations, such as this, however are not unyielding and inflexible and are not to be applied rigidly, absolutely and peremptorily without regard to circumstances or conditions there existing. Duties imposed by some of the "rule of the road" may be qualified by

circumstances, such as considerations of safety, emergency conditions or impossibility. Deviation from the statutory standard in such circumstances will not be considered negligence per se. *Lincoln v. Railway Express Agency, Inc.,* 359 S.W.2d 759, 765[5] (Mo.1962). *Leonard v. Gordon Transport, Inc.,* 575 S.W.2d 244, 249 (Mo.App.1978). *See* also, *Edwards v. Mellen,* 366 S.W.2d 317, 319–20 (Mo.1963); *Wilson v. Shumate,* 296 S.W.2d 72, 75 (Mo.1956); *McArthur v. Gendron,* 312 S.W.2d 146, 150 (Mo.App.1958); *Evans v. Colombo,* 311 S.W.2d 141, 145–46 (Mo. App.1958).

More recent cases such as *Bentley v. Crews,* 630 S.W.2d 99 (Mo.App.1981) and *Cowell v. Thompson,* 713 S.W.2d 52 (Mo. App.1986) appear to suggest that once the technical violation of a statute is shown, a plaintiff is entitled to submit the case under a negligence per se theory. Justification or excuse are treated in these cases somewhat in the nature of an unpleaded affirmative defense upon which the defendant is entitled to an instruction. *Cowell,* 713 S.W.2d at 55; *Bentley,* 630 S.W.2d at 105. Under this format, the jury is instructed on behalf of plaintiff that negligence is not an issue and on behalf of defendant that negligence is an issue; a situation described in *Bentley* as "an obvious incongruity." *Id.* at 106. In *Cowell,* the opinion bemoans the "troublesome omission" from MAI of any pattern instruction on justification or excuse. *Cowell* at 55.

The absence of negligence has never been considered an affirmative defense and the defendant has never had the burden of proving such absence. I would submit that the incongruity referred to in *Bentley* is the result of a departure from the traditional concept of viewing statutory violations in the light of the surrounding circumstances before determining whether or not a negligence per se submission is authorized. There would be no need for an instruction on justification or excuse unless a simple absence of exact compliance with a rule of the road is viewed as an absolute, casting upon the defendant the obligation to prove the absence of negligence.

In this case there was ample evidence from which the jury could have concluded that by keeping her vehicle at a stop with its rear end against a snow bank so that she was as far to the right side of the road as practicable under the circumstances, defendant Morrison was not negligent even though a small portion of the vehicle was across the center line. Had she attempted to drive forward in order to get fully on the right side of the road, she would have reduced the distance available for Mr. Currie to stop or swerve slightly to his right and might have caused a more severe collision between two moving vehicles. Under Instruction 7, however, the jury was not given an opportunity to consider that her conduct was free from negligence. Under the circumstances, the submission of plaintiff's case under a negligence per se instruction was, in my opinion, erroneous.