**Sharon TATE, Respondent,**

v.

**GOLDEN RULE INSURANCE CO., Appellant.**

**No. WD 46766.**

Missouri Court of Appeals, Western District.

July 13, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 31, 1993.

---

Timothy S. Richards, St. Louis, Guy E. McGaughey, Jr., Lawrenceville, IL, Ted R. Osburn, Kansas City, for appellant.

John R. Loss, Kansas City, for respondent.

Before BERREY, P.J., and BRECKENRIDGE and SPINDEN, JJ.

BERREY, Judge.

Golden Rule Insurance Company appeals from the trial court's judgment entered against it and in favor of Sharon Tate for attorney fees in the sum of $20,915.00. On July 23, 1989, Tate applied for health insurance from Golden Rule Insurance Company ("Golden Rule") requesting a four month policy with coverage to begin on July 25, 1989. Golden Rule issued the policy as requested. The policy issued excluded coverage for any pre-existing conditions as defined in the policy. Tate testified that on July 27, 1989, she first experienced pain on the right side of her face. This caused her to make an appointment with her doctor for August 2, 1989. Tate's doctor diagnosed persistent facial pain and right maxillary sinusitis, prescribed medication and ordered a CT scan. The scan revealed a cyst in Tate's right maxillary sinus.

On August 18, 1989, Tate's doctor performed surgery that removed the maxillary sinus cyst and repaired a deviated septum. Following her surgery, Tate made a claim against Golden Rule for payment of medical bills she had incurred in the amount of $5,035.69. Golden Rule timely acknowledged receipt of the claim and advised Tate that the company needed additional information from Tate's doctors. After receiving and reviewing the doctors' medical records, Golden Rule denied Tate's claim based on the pre-existing condition clause of her policy.

Tate challenged Golden Rule's denial. Tate's treating physician wrote to Golden Rule to inform them that, in his opinion, the condition for which Tate received treatment was not pre-existing. Golden Rule requested a opinion from a consulting physician, Dr. Feltt. Dr. Feltt determined that "[e]ven though the exact diagnosis was not made until 8/89, I feel that it was present and causing her symptoms prior to 7/25/89." Golden Rule relayed Dr. Feltt's findings to Tate. Tate again objected to Golden Rule's denial and, during the next several months, at Tate's request, Golden Rule had Tate's case evaluated by two other doctors or medical groups. Each time Golden Rule denied Tate's claim.

On March 21, 1991, Tate filed her petition for breach of contract, claiming compensatory damages of $5,085.69 plus interest, as well as penalties and fees pursuant to § 375.420.[1] The case was tried to a jury May 11 through 13, 1992. During the trial, the parties stipulated that the trial court would decide Tate's entitlement to attorney's fees and the amount thereof. The remainder of the case was submitted to the jury. The jury found for Tate and awarded her $5,035.69 in damages, $750.00 for interest, and no penalty. Pursuant to stipulation of the parties, the trial court determined attorney's fees and awarded Tate $20,915.00. Golden Rule appeals only the award of attorney's fees.

As its first point on appeal, Golden Rule alleges that the trial court erred in awarding Tate attorney's fees under § 375.420 [2] because there was no substantial evidence that Golden Rule refused to pay her claim without reasonable cause or excuse. Golden Rule claims that, because the award of attorney's fees was made pursuant to Rule 73.01, which sets forth procedure for trial

---

1. Unless otherwise specified, all statutory references are to RSMo 1986.

2. § 375.420 provides in part:
   In any action against any insurance company to recover the amount of any loss under a policy of ... health ... insurance ..., if it appears from the evidence that such company has refused to pay such loss without reasonable cause

or excuse, the court or jury may, in addition to the amount thereof and interest, allow the plaintiff damages not to exceed twenty percent of the first fifteen hundred dollars of the loss, and ten percent of the amount of the loss in excess of fifteen hundred dollars and a reasonable attorney's fee; and the court shall enter judgment for the aggregate sum found in the verdict.

**834**

without a jury or with an advisory jury, the court's standard of review is found in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). We disagree. In discussing the stipulation that the court determine attorney's fees, the court stated as follows:

> For the record, you've agreed that you'll take away from the jury the issue of attorney's fees, and let me decide? ... With the understanding, I'm not going to do anything about it until I see what the jury does.... If the jury doesn't find you're entitled to vexatious penalty, you're not entitled to attorney fees either.

Instructions No. 7 and 8 to the jury are as follows:

> If you find in favor of plaintiff, then you must award the plaintiffs [sic] such sums as you believe will fairly and justly compensate plaintiff for any damages you believe they [sic] sustained as a result of the defendant's refusal to pay policy benefits mentioned in the evidence.

> If you find in favor of the Plaintiff on the claim on the insurance policy, and if you believe Defendant insurance company refused to pay without reasonable cause or excuse, then, in addition to any amount you may award on the insurance policy under Instruction No. 7, you may award the Plaintiff an additional amount as a penalty, not to exceed $653.57, and you also may award the Plaintiff an additional amount as interest not to exceed $1,171.76.

The jury found in favor of Tate and assessed her damages as follows:

$5,035.69 on the policy; $750.00 for interest; no monetary amount was awarded as penalty. Pursuant to Instruction No. 8, the jury is allowed to award an amount as interest *only if* it believes Golden Rule refused to pay without reasonable cause or excuse. The jury made the determination that Golden Rule's refusal to pay was vexatious under § 375.420. The court followed the jury's verdict and, accordingly, determined the amount of attorney's fees to be awarded to Tate.

■ In determining whether sufficient evidence supports the verdict, this court considers the evidence and all reasonable inferences therefrom in the light most favorable to the verdict. *McPherson v. David*, 805 S.W.2d 260, 263 (Mo.App.1991); *Page v. Hamilton*, 329 S.W.2d 758, 762 (Mo.1959). We consider only that which supports the verdict and disregard any contrary evidence and inferences. *Roark Motor Lodge Interval Sales Corp. v. Lindner*, 779 S.W.2d 684, 686 (Mo.App.1989). " '[A] jury verdict will not be overturned unless there is a complete absence of probative facts to support the verdict.' " *Massey–Ferguson Credit Corp. v. Black*, 764 S.W.2d 137, 145 (Mo.App.1989) (quoting *Treon v. Hayes*, 721 S.W.2d 789, 791[1] (Mo.App.1986)). This court is only obliged to determine whether there was evidence from which such verdict could have been reached by a jury composed of reasonable men and women. *Reed v. Sale Memorial Hosp. & Clinic*, 698 S.W.2d 931, 936 (Mo. App.1985).

There was considerable testimony from two physicians and one dentist who had treated Tate prior to her surgery. All these doctors had explanations for pain Tate experienced prior to the effective date of her insurance policy that excluded the diagnosis for which coverage was denied. At least one of these doctors had provided information to Golden Rule during its investigation. Additionally, one of the doctors employed by Golden Rule who reviewed Tate's claim admitted that, although his report states that he based his opinion on x-rays of Tate, in fact, he had reviewed no such x-rays.

■ To support imposition of the penalty allowed by § 375.420, the insured must show that the insurer's refusal to pay the loss was willful and without reasonable cause, as the facts would appear to a reasonable and prudent person before trial. *Russell v. Farmers & Merchants Ins. Co.*, 834 S.W.2d 209, 221 (Mo.App.1992).

> The existence of a litigable issue, either factual or legal, does not preclude a penalty for vexatious refusal to pay insurance proceeds where there is evidence the insurer's attitude was vexatious and recalcitrant.... Furthermore, direct and specific evidence to show vexatious refusal to pay insurance proceeds is not

required for an award of attorney fees as a penalty; the jury may find vexatious refusal upon a general survey and consideration of the whole testimony and all the facts and circumstances of the case. *Howard Constr. Co. v. Teddy Woods Constr. Co.*, 817 S.W.2d 556, 562–63 (Mo. App.1991). The Missouri Supreme Court has noted that "numerous cases have allowed the imposition of attorney fees without an additional award of damages." *De Witt v. American Family Mut. Ins. Co.*, 667 S.W.2d 700, 711 (Mo. banc 1984). The statute is permissive, not mandatory. Therefore, the issue of whether a penalty will be awarded and, if so, the amount thereof, is a matter of discretion. *Id.* Sufficient evidence existed from which the jury could determine that Golden Rule denied Tate's claim without reasonable cause or excuse. Accordingly, appellant's first point on appeal is denied.

As its second point on appeal, Golden Rule claims the trial court erred in awarding $20,915.00 in attorney's fees because that amount is excessive and unreasonable. As stated above, § 375.420 allows for an award of attorney's fees. The award is not mandatory. Therefore, "the granting or refusal to grant attorney's fees by the trial judge is primarily discretionary and will not be disturbed absent the showing of an abuse of discretion." *City of Lexington v. Seaton*, 819 S.W.2d 753 (Mo. App.1991). This court, when reviewing a challenge to an award of attorney's fees, gives "deference to the discretion of the trial judge who, by virtue of his or her office and experience, is considered an expert in determining the proper amount of compensation for legal services." *McPherson Redevelopment Corp. v. Shelton*, 807 S.W.2d 203, 206 (Mo.App.1991).

A trial court's award of attorney's fees should not be reversed unless the amount awarded is either arbitrarily arrived at or so unreasonable as to indicate indifference and lack of proper judicial consideration. *Burden v. Burden*, 811 S.W.2d 818, 822 (Mo.App.1991). The court's award is presumed to be correct and the complaining party has the burden of proving otherwise. *Id.* The trial court is also presumed to know the character and value of attor-

ney services rendered. *Industry Fin. Corp. v. Ozark Community Mental Health Center, Inc.*, 778 S.W.2d 413, 717 (Mo.App.1989). "The trial court is considered an expert on the question of attorney fees and as it tried the case, and presumably is acquainted with all the issues involved, may set those fees without the aid of evidence." *Id.*

Tate originally requested that the court award her $30,895.00 in attorney's fees. The court reduced the award to $20,-915.00. In its brief, Golden Rule lists several billing entries that it considers "clearly unreasonable and excessive." It is possible, if not probable, that the trial court took these items into consideration when arriving at its decision. It is also clear from the record presented that on more than one occasion, actions taken by Golden Rule caused Tate's attorney's fees to be considerably higher than necessary. On the record before us we cannot say the trial court abused its discretion in awarding Tate $20,-915.00 for attorney's fees. Accordingly, Golden Rule's second point is denied and the judgment of the trial court is affirmed.

All concur.