**Dwight D. LONG, Appellant,**

v.

**TWEHOUS CONTRACTORS, INC., Respondent.**

No. WD 49786.

Missouri Court of Appeals, Western District.

June 6, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 1, 1995.

Application to Transfer Denied Sept. 19, 1995.

John T. Papa, Granite City, for appellant.

Richard Brownlee, II, Jefferson City, for respondent.

Before HANNA, P.J., and BERREY and SPINDEN, JJ.

HANNA, Presiding Judge.

Plaintiff, Dwight D. Long, appeals from a judgment entered on a jury verdict for the defendant, Twehous Contractors, Inc.

This appeal arises out of an automobile accident which occurred on February 12, 1988. Viewed in the light most favorable to the verdict, the facts show that on the morning of February 12, the plaintiff, an employee of the Missouri Highway and Transportation Department, was driving on Highway 54 south of Jefferson City. His dump truck had an attached snowplow and a load of cinders in the bed. Highway 54 is a four-lane divided highway with two lanes in each direction divided by a median strip. Plaintiff was proceeding southbound in the passing lane of the highway at approximately twenty to twenty-five miles per hour. It was snowing and foggy, and visibility was limited.

The same morning, Clinton Jones was driving a half-ton pickup truck on Highway 54 for his employer, Twehous Contractors. Jones was proceeding southbound in the right lane at less than forty-five miles per hour. As he approached a tractor-trailer driving in the right lane, Jones moved into the passing lane and attempted to pass the truck at approximately thirty-five miles per hour. However, snow began to limit Jones' visibility, so he decided to return behind the truck. While still in the passing lane and before he could return to the right lane, Jones noticed the plaintiff's snowplow traveling approximately ten to thirty feet in front of him. Because of the snowy road conditions, Jones did not believe that he could brake without hitting the plaintiff's truck, so he swerved to the left towards the median. The front right corner of defendant's truck struck the left rear fender of plaintiff's snowplow. The impact pushed the left rear fender of plaintiff's truck against the base of the left wheel, which was repaired with a crow

bar in order to allow the plaintiff to drive away. Defendant's truck sustained right fender and front end damage.

After the accident, Jones exited his truck and asked plaintiff if he was all right. Plaintiff replied that he was "fine." Jones then got into the plaintiff's truck and assisted him in filling out an accident report. Plaintiff did not complain of any physical injuries from the accident. A highway patrol officer arrived at the scene and ticketed Jones for following too closely. Jones then drove his truck back to the Twehous shop. He later pleaded guilty to the traffic ticket because he "could not afford a lawyer to plead [his] case" and "it was cheaper just to plead guilty."

Plaintiff drove the snowplow back to his employer's shop and obtained a new assignment. That afternoon, plaintiff was involved in a second accident when another vehicle crossed the center line and forced plaintiff's truck off the road and into an embankment. Plaintiff later testified that he was "jerked," "jostled" and "banged around" the inside of the cab of the truck. When the truck came to rest in the embankment, plaintiff was suspended sideways by his seat belt. He escaped the vehicle by unhooking his seat belt while clinging to the steering wheel and then pushing the door open.

After the two accidents on February 12, 1988, plaintiff continued to work for the highway department. On April 6, 1988, plaintiff was involved in a third accident when the steel handle of a jack flipped up and hit him on the chin. The impact knocked plaintiff approximately five feet and rendered him unconscious.

From March 1988 through November 1989, plaintiff visited numerous doctors at several Columbia clinics and received treatment for complaints of pain in his hand, wrist, neck and back. He participated in rehabilitation therapy for recurring back spasms and had surgery on his wrist.

In November 1989, the highway department gave plaintiff a new job involving lighter duty and a pay raise. On three additional occasions, he requested and received positions involving lighter duty and pay raises. In January 1991, plaintiff requested and received a one-year leave of absence to pursue physical rehabilitation. After receiving the leave of absence, plaintiff relocated to St. Louis and later to Illinois. While in St. Louis, a doctor prescribed rehabilitation therapy which plaintiff admitted he did not follow. In May 1991, plaintiff was terminated for failing to pursue physical rehabilitation and for failing to furnish required medical reports.

On January 25, 1989, plaintiff filed this action against Jones' employer, Twehous Contractors, seeking to recover for wrist and back injuries which he alleged resulted from the February 12, 1988 accident. An amended petition was subsequently filed. Plaintiff also filed a motion to consolidate this action with his lawsuit against Verslues, the driver of the car in the afternoon accident. That motion was denied. Both plaintiff and Jones testified at the trial in February 1994. The jury returned a verdict assessing "0" percentage of fault to each party and assessing plaintiff's damages at "0." The trial court entered judgment in favor of the defendant on the verdict. Plaintiff filed a motion for new trial which was denied. This appeal followed.

Plaintiff raises five points on appeal. In his first point, plaintiff contends the trial court erred in refusing to give his proffered negligence per se verdict-directing instruction. Plaintiff argues that the trial court should have submitted the negligence per se instruction because Jones received a traffic ticket to which he pleaded guilty.

The plaintiff alleged that the defendant committed the following negligent acts: failure to keep a proper lookout; failure to keep his vehicle under proper control; operation of his vehicle at a speed greater than was reasonable and proper for the road conditions; failure to reduce the speed of his vehicle as necessary to avoid colliding with any person or vehicle on the highway; and failure to exercise due care and caution in operating his vehicle.

"A jury instruction is prejudicially erroneous when such instruction directs recovery on a different theory than the one pleaded and proved or allows the jury to find for a party on a different basis than that pleaded."

*Fisher v. McIlroy,* 739 S.W.2d 577, 580 (Mo. App.1987).

This same issue was addressed in *Myers v. Morrison,* 822 S.W.2d 906 (Mo.App.1991). In *Myers,* the plaintiff brought suit against the defendant for personal injuries arising out of an automobile accident. The defendant was issued a traffic ticket for "failure to keep right," and she pleaded guilty to that charge. *Id.* at 907. In her petition, the plaintiff alleged several acts of negligence but did not plead a statutory violation or negligence per se theory of liability. *Id.* at 908. At trial, plaintiff introduced evidence, without objection, that the defendant had received a traffic ticket to which she pleaded guilty. Plaintiff did not move to amend the pleadings. The defendant never conceded negligence and explained that she had pleaded guilty to the traffic ticket only as a matter of convenience because it would cost less to plead guilty than to defend the charge. *Id.* at 909. After hearing the evidence, the court submitted a verdict-directing instruction to the jury which omitted any finding of negligence by the defendant. *Id.* at 908. On appeal, the defendant argued that the trial court erred in giving a negligence per se instruction because it prevented her from effectively presenting the defense that she was not negligent. The plaintiff argued that the issue of negligence per se was "tried by consent." *Id.* Noting that the defendant had denied negligence throughout the trial, the court found that the "absence of an objection did not expressly or impliedly inject a negligence per se theory into the case." *Id.* at 909. The court held that the trial court erred in giving an instruction which withheld the element of negligence from the jury's consideration, noting that the submission of such an instruction "had the effect of directing a verdict for plaintiff where the issue of negligence was disputed." *Id.*

■ In this case, as in *Myers,* the plaintiff did not plead a statutory violation or a negligence per se theory of liability in his amended petition. By its responsive pleadings, the defendant denied negligence. Although testimony was elicited at trial concerning Jones' traffic ticket and guilty plea, the plaintiff did not move to amend the pleadings, nor does he claim on appeal that the issue was tried by consent. Moreover, Jones did not concede any negligence. At trial, he testified that he pleaded guilty to the traffic ticket for reasons other than his guilt. Since the record indicates that the issue of negligence was in dispute and that plaintiff did not plead a statutory violation or negligence per se, the court properly refused to submit plaintiff's negligence per se instruction.

In his second point, plaintiff claims the trial court erred in submitting Instructions No. 5 and 6 and Verdict Form No. 10. The plaintiff claims the court should have submitted his proffered verdict-directing instruction and verdict form, patterned after MAI 17.02 (modified) and MAI 36.01, respectively, which did not provide for comparative fault.

Instruction No. 5, patterned after MAI 17.02 (modified), stated in the introductory paragraph, "In your verdict, you must assess a percentage of fault to defendant if you believe...." Plaintiff argues that the verdict form (MAI 37.07) submitted to the jury also allowed for an assessment of a percentage of fault to each of the parties on plaintiff's claim for personal injuries.

Plaintiff argues that Instruction No. 6 (MAI 33.01 modified and MAI 11.02) was improper because it allowed the jury to assess a percentage of fault to the plaintiff if the jury found that the plaintiff's damages resulted in part from his own negligence in failing to follow the prescribed rehabilitation program for his injury after the accident.

■ We need not reach the issue of whether the comparative fault instructions were properly submitted and supported by the evidence. "Under Missouri's comparative negligence doctrine, error in giving a comparative fault instruction is harmless when the jury apportions no percentage of fault to defendant." *Vasseghi v. McNutt,* 811 S.W.2d 453, 455 (Mo.App.1991). In this case, the jury apportioned no percentage of fault to the defendant. Accordingly, this point is denied.

■ In his third point, plaintiff contends the trial court erred in denying his motion to consolidate this case with the Verslues lawsuit regarding the accident which occurred

later that afternoon. Plaintiff claims the two cases should have been consolidated because they have a common question of fact with regard to the extent to which each accident may have caused the plaintiff's injuries. This issue was not set forth in the plaintiff's motion for new trial and, therefore, has not been properly preserved for appellate review. *Mullen v. Kennard*, 674 S.W.2d 202, 204 (Mo.App.1984).

In any event, we are unable to conclude that the trial court abused its discretion in denying plaintiff's motion to consolidate. Although plaintiff makes reference to the other pending lawsuit, he has not included a copy of the petition in the file on appeal. "The record on appeal must contain all information necessary to the determination of issues presented for review." *Rowe v. Norfolk & W. Ry.*, 787 S.W.2d 751, 753–54 (Mo.App.1990). "If an appellant deserves review of an issue, it is his duty to furnish all records relating thereto and in absence of such, there is nothing for us to review." *York v. Missouri Pac. R.R.*, 813 S.W.2d 61, 62 (Mo.App.1991). Since the plaintiff has not furnished this court with a copy of the petition from the other proceeding, we are unable to make a determination as to whether the two actions should have been consolidated.[1] Point denied.

 In his fourth point, plaintiff contends the trial court erred in entering judgment on the verdict and denying his post-trial motion because the jury verdict was not supported by substantial evidence and was against the weight of the evidence. Whether a jury verdict is against the weight of the evidence is to be determined exclusively by the trial court. *McPherson v. David*, 805 S.W.2d 260, 263 (Mo.App.1991).

 In determining the sufficiency of evidence to support the verdict, this court considers the evidence and all reasonable inferences therefrom in the light most favorable to the verdict. *Tate v. Golden Rule Ins. Co.*, 859 S.W.2d 831, 834 (Mo.App.1993). We consider only the evidence which supports the verdict and disregard any contrary evidence and inferences. *Id.* We do not weigh the evidence, determine credibility or resolve fact disputes. *Southwestern Bell Yellow Pages, Inc. v. Robbins*, 865 S.W.2d 361, 365 (Mo.App.1993). Our review is limited to determining whether there is sufficient evidence to support the verdict. *McPherson*, 805 S.W.2d at 263. "A jury verdict will not be overturned unless there is a complete absence of probative facts to support the verdict." *Tate*, 859 S.W.2d at 834.

 "The mere happening of an accident does not establish negligence on the part of a motorist." *Oldaker v. Peters*, 817 S.W.2d 245, 251 (Mo. banc 1991). In this case, the record shows that it was snowing and foggy with limited visibility at the time of the accident. The plaintiff testified that at times his visibility was so affected by the snow conditions that he could not see the snowplow on the front of his truck. Jones also testified that his visibility was limited by the snow conditions and that he was driving less then forty-five miles per hour in the right lane as he approached the tractor-trailer that was moving slowly in front of him. Because the snow began to limit his visibility, he decided to return behind the tractor-trailer. At that point, Jones was traveling at approximately thirty-five miles per hour. Before returning to the right lane, Jones noticed the plaintiff's snowplow proceeding slowly in the passing lane in front of him at approximately twenty to twenty-five miles per hour. He did not believe he could brake in time to avoid hitting the snowplow so he swerved to the left in an attempt to avoid a collision. Although a traffic ticket was issued to Jones, he testified that he pleaded guilty to the ticket only because he could not afford a lawyer to plead his case. The defendant denied any negligence. The jury believed that the accident was not the result of defendant's negligence, and the evidence is sufficient to support the jury's determination.

---

1. This point is illustrated in the case relied on by the plaintiff, *State ex rel. Allen v. Yeaman*, 440 S.W.2d 138 (Mo.App.1969), which involved the issue of whether the trial court had abused its discretion in consolidating two separate personal injury actions. In that case, the appellate court reviewed the petitions filed in each of the cases to determine whether the actions involved a common question of fact or law. *Id.* at 140.

Plaintiff's final contention is that the trial court erred in allowing defense counsel to make improper comments during closing arguments. Plaintiff argues that the trial court erred in allowing defense counsel to refer to plaintiff's other pending lawsuit as a "safeguard ... where the same exact things are asked for" because it implied that plaintiff was seeking a "double recovery."

■■■ The plaintiff made no objection to this comment at trial and, therefore, any alleged impropriety is to be reviewed only for plain error. *Moore v. Missouri Pac. R.R.*, 825 S.W.2d 839, 844 (Mo. banc 1992). The plain error rule is reserved for situations of manifest injustice and miscarriage of justice. *Robertson v. Cameron Mut. Ins. Co.*, 855 S.W.2d 442, 447 (Mo.App.1993). It is rare that comments made during closing argument rise to the level of plain error. *Adams v. Children's Mercy Hosp.*, 848 S.W.2d 535, 545 (Mo.App.1993). Although the challenged remark in this case may have been objectionable, we do not find that the reference, which was made only once during closing argument, amounted to plain error.

Plaintiff also claims the following comments made by defense counsel were improper:

> Let me tell you what you can do. I'll give you a little solution. The verdict form, which is what you sign and come back with, has spaces on there to assess fault. And there's a defendant's fault, zero to a hundred percent, plaintiff, zero to a hundred, total, which must total zero to a hundred percent. I can't tell you what you think this accident's worth. But I can tell you that is that. [sic] It's a thing that you call an accident. It was unavoidable. It happens. It's going to happen to you. It will happen to all of us.
> [Plaintiff's Counsel]: Objection, your Honor, making improper comments to the jury.
> The Court: Overruled.

Plaintiff claims these comments were improper because defense counsel was suggesting that the jurors "place themselves in the position of the defendant." This is a nonspecific and general objection and it is questionable whether it preserves anything for appellate review.

■■■ A similar challenge was addressed by the Missouri Supreme Court in *Brownridge v. Leslie*, 450 S.W.2d 214 (Mo.1970). In that case, the following remarks by defense counsel were challenged by plaintiff's counsel as improper:

> This is a lot of money for this. I will ask you, is that fair? I want to ask you what would you do if you were in [defendant's] situation and you were confronted with this suit, and you were sued in this Court—.

*Id.* at 216. The plaintiff objected, claiming that defense counsel's argument was improper in that it asked the jurors to place themselves in the position of the defendant. However, plaintiff did not request to have the jury instructed to disregard the argument or ask that a mistrial be declared and the jury discharged. *Id.* at 217. The court found that the argument was not a "plainly urgent and manifestly improper invitation to the jurors to place themselves in the position of the defendants." *Id.* The court also found that the argument was not "so inflammatory or improper" that the court should intervene and grant a new trial. *Id.*

In *Ryan v. Parker*, 812 S.W.2d 190 (Mo. App.1991), the plaintiff brought suit for injuries sustained in a waterskiing accident as a result of which the plaintiff lost his thumb. During closing argument, plaintiff's counsel told the jury to "try living a day without a thumb, and you know what this man is like." *Id.* at 195. In concluding that there was no plain error, the court noted that the comments were made only once and received little emphasis in relation to the remainder of counsel's closing argument. *Id.* As in *Brownridge* and *Ryan*, the comment in this case was made once and did not receive a great deal of emphasis. We do not consider the comment a sufficient invitation to the jurors or so prejudicial as to require a new trial.

The judgment of the trial court is affirmed.

All concur.