ACCEPTED
12-15-00150-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
9/2/2015 2:50:52 PM
Pam Estes
CLERK

## No. 12-15-00150-CR

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
9/2/2015 2:50:52 PM
PAM ESTES
Clerk

IN THE TWELFTH COURT OF APPEALS
TYLER, TEXAS

**TARAYSHUS NIJELL THOMPSON**

**Appellant,**

**v.**

**THE STATE OF TEXAS**

**Appellee**

On Appeal from the 114th District Court of Smith County, Texas
Trial Cause No. 114-0681-13

**ORAL ARGUMENT NOT REQUESTED**

Austin Reeve Jackson
Texas Bar No. 24046139
JLawAppeals@gmail.com
112 East Line, Suite 310
Tyler, TX 75702
Telephone: (903) 595-6070
Facsimile:  (866) 387-0152

# IDENTITY OF PARTIES AND COUNSEL

**Attorney for Appellant**

Appellate Counsel:
Austin Reeve Jackson
112 East Line, Suite 310
Tyler, TX 75702

Trial Counsel:
Norman Ladd
235 S. Broadway Ave., Suite 200
Tyler, TX 75702

**Attorney for the State on Appeal**

Michael J. West
Assistant District Attorney, Smith County
4th Floor, Courthouse
100 North Broadway
Tyler, TX 75702

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ............................................................... ii

TABLE OF CONTENTS .................................................................................... iii

INDEX OF AUTHORITIES ............................................................................... iv

STATEMENT OF THE CASE ............................................................................. 2

ISSUES PRESENTED ........................................................................................ 2

STATEMENT OF FACTS .................................................................................. 2

PROFESSIONAL EVALUATION OF THE RECORD ....................................... 3

SUMMARY OF THE ARGUMENT ................................................................... 3

ARGUMENT ..................................................................................................... 4

    **I.   THE TRIAL COURT ACTED WITHIN ITS DISCRETION WHEN IT REVOKED APPELLANT'S COMMUNITY SUPERVISION** ......................................................................... 5

    Standard of Review ..................................................................................... 4

    A.  There Was Legally Sufficient Evidence to Support the Revocation ................... 5

    B.  Appellant's Sentence Was Within the Statutory Range of Punishment ............... 7

    C.  Appellant Received Effective Assistance of Counsel ....................................... 8

CONCLUSION AND PRAYER ......................................................................... 9

CERTIFICATE OF SERVICE ........................................................................... 9

CERTIFICATE OF COUNSEL ......................................................................... 10

CERTIFICATE OF COMPLIANCE ................................................................... 10

# INDEX OF AUTHORITIES

**UNITED STATES SUPREME COURT:**

*Anders v. California*,
  386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967)...................................3, 9, 10

*Boykin v. Alabama*,
  395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)....................................5

*Strickland v. Washington*,
  466 U.S. 668, 105 S.Ct. 1965, 85 L.Ed.2d 344 (1984)..................................8

**TEXAS COURT OF CRIMINAL APPEALS:**

*Cardona v. State*,
  665 S.W.2d 492 (Tex.Crim.App. 1984) .........................................................4

*Cobb v. State*,
  851 S.W.2d 871 (Tex.Crim.App. 1993) .........................................................7

*Gutierrez v. State*,
  65 S.W.3d 362 (Tex.Crim.App. 2003) ..........................................................6

*Hernandez v. State*,
  988 S.W.2d 70 (Tex.Crim.App. 1999) ..........................................................8

*Jackson v. State*,
  973 S.W.2d 954 (Tex.Crim.App. 1998) .........................................................8

*Kniatt v. State*,
  206 S.W.3d 657 (Tex.Crim.App. 2006) .........................................................5

*Lyles v. State*,
  850 S.W.2d 497 (Tex.Crim.App. 1993) .........................................................4

*Miniel v. State*,
  831 S.W.2d 310 (Tex.Crim.App. 1992) .........................................................8

## TEXAS COURT OF CRIMINAL APPEALS (CON'T):

*Moore v. State,*
    694 S.W.2d 528 (Tex.Crim.App. 1985) ........................................................ 8

*Moses v. State,*
    590 S.W.2d 469 (Tex.Crim.App. 1979) .................................................... 6-7

*Rickles v. State,*
    202 S.W.3d 759 (Tex.Crim.App. 2006) ........................................................ 4

*Stafford v. State,*
    813 S.W.2d 503 (Tex.Crim.App. 1991) ........................................................ 9


## TEXAS COURTS OF APPEAL:

*Canseco v. State,*
    199 S.W.3d 437 (Tex.App.—Houston [1st Dist.] 2006) ............................... 4

*Duke v. State,*
    2 S.W.3d 512 (Tex.App.—San Antonio 1999) ............................................. 4

*Hays v. State,*
    933 S.W.2d 659 (Tex.App.—San Antonio 1996) ......................................... 6

*Joseph v. State,*
    3 S.W.3d 627 (Tex.App.—Houston [14th Dist.] 1999) ................................ 4

*Kirk v. State,*
    949 S.W.2d 769 (Tex.App.—Dallas 1997) ................................................... 7

*Lewis v. State,*
    195 S.W.3d 205 (Tex.App.—San Antonio 2006) ......................................... 4

*Mays v. State,*
    904 S.W.2d 290 (Tex.App.—Fort Worth 1995) ........................................... 3

*Patrick v. State,*
    12-07-00137-CR, 2008 Tex.App.LEXIS 2264 (Tex.App.—Tyler 2008) ..... 6

## STATUTES:

TEX. CODE CRIM. PROC. art. 26.13 ................................................................. 5-6

TEX. CODE CRIM. PROC. art. 42.12 ................................................................. 7

TEX. PEN. CODE § 12.33 ................................................................................. 7

TEX. PEN. CODE § 30.02 ................................................................................. 7

IN THE TWELFTH COURT OF APPEALS
TYLER, TEXAS

**TARAYSHUS NIJELL THOMPSON**

**Appellant,**

**v.**

**THE STATE OF TEXAS**

**Appellee**

On Appeal from the 114th District Court of Smith County, Texas
Trial Cause No. 114-0681-13

**TO THE HONORABLE JUSTICES OF THE COURT:**

COMES NOW, Austin Reeve Jackson, attorney for Tarayshus Thompson and files this brief pursuant to the Texas Rules of Appellate Procedure, and would show the Court as follows:

## STATEMENT OF THE CASE

Tarayshus Thompson seeks to appeal his conviction and sentence for the felony offense of burglary of a habitation. (I CR 130). This conviction is the result of a plea of "guilty" to the same offense made by Mr. Thompson in the 114th District Court of Smith County. (*Id*.). Although initially placed on probation for that offense, ultimately the trial court revoked that probation and sentenced Mr. Thompson to serve a term of fifteen years' confinement. (*Id*.). Sentence was pronounced on 22 May 2015 and notice of appeal then timely filed. (I CR 130, 148).

## ISSUE PRESENTED

I.   **THE TRIAL COURT ACTED WITHIN ITS DISCRETION IN REVOKING APPELLANT'S COMMUNITY SUPERVISION.**

## STATEMENT OF FACTS

In May of 2013, Appellant, Mr. Tarayshus Thompson, was indicted in the 114th District Court of Smith County for the offense of burglary of a habitation. (I CR 4). A plea agreement was reached whereby in exchange for his plea of "guilty" the State would recommend punishment be imposed at a term of five years' deferred adjudication community supervision. (I CR 61).

In October of that year Mr. Thompson was facing an application to proceed to final adjudication. (V RR *gen*.). However, rather than grant the application the trial court merely modified his terms and conditions and kept Mr. Thompson on

2

probation. (V RR 14). Unfortunately, in May of this year Mr. Thompson was again before the court on a new application. (VII RR 1). This time, following his pleas of "true" to the allegations made against him, the trial court adjudicated guilt and imposed punishment at fifteen years' confinement. (VII RR 23). Sentence was pronounced on 22 May 2015 and notice of appeal then timely filed. (I CR 130, 148).

## PROFESSIONAL EVALUATION OF THE RECORD

In accordance with the requirements of *Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967), counsel has reviewed the record and determined that, in his professional opinion, the record contains no reversible error or jurisdictional defects. Under circumstances where there appears to be no arguable grounds for reversal on appeal, counsel must present a professional evaluation of the record supporting this assertion. *See Mays v. State*, 904 S.W.2d 290, 922-23 (Tex.App.—Fort Worth 1995, no pet.).

## SUMMARY OF ARGUMENT

Pursuant to the responsibilities and requirements of the governing code of professional conduct, a thorough review of the record has been made. Counsel's research has revealed no arguable, non-frivolous grounds that could be advanced in support of a claim that there exists reversible error in the trial, judgment, or sentence of Appellant. A review and analysis of any potential issues is herein present-

ed for the Court excluding any potential issues that, if successfully raised, would produce a result adverse to Appellant's interests.

## ARGUMENT

Standard of Review

A trial court's decision to revoke community supervision is reviewed under an abuse of discretion standard. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex.Crim.App. 2006); *Cardona v. State*, 665 S.W.2d 492 (Tex.Crim.App. 1984). A trial court abuses its discretion if it acts without reference to guiding principles. *Lyles v. State*, 850 S.W.2d 497, 502 (Tex.Crim.App. 1993). Appellate review considers the record in the light most favorable to the trial court's decision. *Duke v. State*, 2 S.W.3d 512, 515 (Tex.App.—San Antonio 1999, no pet.).

Proof of a single violation is sufficient to support a revocation. *Canseco v. State*, 199 S.W.3d 437, 439 (Tex.App.—Houston [1st Dist.] 2006, pet. ref'd). To prevail then, an appellant must show, looking in the light most favorable to the court's decision, that the record is insufficient evidence to support each finding of the court. *Lewis v. State*, 195 S.W.3d 205, 209 (Tex.App.—San Antonio 2006, no pet.); *Joseph v. State*, 3 S.W.3d 627, 640 (Tex.App.—Houston [14th Dist.] 1999, no pet.).

## I. THE TRIAL COURT ACTED WITHIN ITS DISCRETION WHEN IT REVOKED APPELLANT'S COMMUNITY SUPERVISION.

### A. There Was Legally Sufficient Evidence to Support the Revocation.

By way of the application filed against him, the State argued that Mr. Thompson had violated the terms of his community supervision. (I CR 118). Mr. Thompson entered pleas of "true" to all of the violations alleged against him. (I CR 130). Those violations included:

| Application Paragraph | Allegation |
|---|---|
| II | Failure to report to probation |
| III | Failure to make payment of urinalysis fees |
| V-IX | Failure to pay various fees and costs |
| X | Failure to complete outpatient counseling |

(I CR 118-23).[1] If made freely, knowingly, and intelligently, Mr. Thompson's pleas of "true" to the allegations made against him are by themselves sufficient to support the trial court's revocation of community supervision. *See Hays*, 933 S.W.2d at 661.

Due process requires that a plea of true must be entered knowingly, intelligently, and voluntarily. *Boykin v. Alabama*, 395 U.S. 238, 242, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex.Crim.App. 2006);

---

[1] The allegation in Paragraph IV, relating to employment, was abandoned at trial by the State prior to the commencement of the hearing on the application. (VII RR 4).

*see also* TEX. CODE CRIM. PROC. ANN. Art. 26.13(b).  Before accepting his plea, the trial court inquired whether Mr. Thompson had been threatened, coerced, or offered a promise of benefit in exchange for his plea, and whether he was making his plea after sufficient opportunity to consult with counsel.  (VII RR 6-17).  After conducting this inquiry the Court concluded that Mr. Thompson was "freely, knowingly, intelligently, and voluntarily" entering his pleas of true.  (VII RR 16-17).

Additionally, the Clerk's Record in this case includes written waivers and admonishments signed by Mr. Ortiz in which he acknowledged that he understood his rights at the revocation hearing and that he was knowingly waiving those rights in each case.  (I CR 136); *see Gutierrez v. State*, 65 S.W.3d 362, 366 (Tex.Crim.App. 2003) (holding that the full requirements of Article 26.13 do not apply to revocation proceedings); *see also Patrick v. State*, 12-07-00137-CR, 2008 Tex.App.LEXIS 2264, *1 (Tex.App.—Tyler 2008, pet. ref'd) (mem. op.) (cited for reference only) (holding same).

Based on this record there appears to be no basis from which to argue that the Court's confidence in whether the pleas entered were made freely, knowingly, and voluntarily should be undermined.  Consequently, the trial court would not have abused its discretion in revoking Appellant's community supervision on the basis of his pleas alone.  *Hays*, 933 S.W.2d at 661; *see also Moses v. State*, 590

6

S.W.2d 469, 470 (Tex.Crim.App. 1979) (a plea of true and written stipulation is sufficient to support revocation); *Cobb v. State*, 851 S.W.2d 871, 873 (Tex.Crim.App. 1993) (the State must prove allegations in a revocation by a preponderance of the evidence).

B.  Appellant's Sentence Was Within the Statutory Range of Punishment.

Mr. Thompson was charged with Burglary of a Habitation.  (I CR 4).  The underlying offense was burglary of a habitation, a second degree felony as indicted.  (*Id.*); TEX. PEN. CODE § 30.02(c)(2).  Thus, the punishment range was two to twenty year's confinement and a fine of up to $10,000.  TEX. PEN. CODE § 12.33.  Mr. Thompson was sentenced to serve fifteen years' imprisonment and no fine was ordered.  (I CR 130).

The sentence imposed was within the proper punishment range for the offense alleged.  TEX. PEN. CODE § 12.33 (punishment for second degree felony).  Consequently, as the punishment imposed was within the statutory range for the offense, it is virtually presumed not to be constitutionally cruel and unusual.  *Kirk v. State*, 949 S.W.2d 769, 772 (Tex.App.—Dallas 1997, pet. ref'd); *see also* TEX. CODE CRIM. PROC. ANN. art. 42.12 § 23(a) (at revocation the court may impose sentence anywhere within the range of punishment). Consequently, counsel has been unable to raise a non-frivolous error on the issue of punishment on the record currently before the Court.

C. Appellant Received Effective Assistance of Counsel.

Effective assistance of counsel is to be evaluated under the standard enunciated in *Strickland v. Washington*, 466 U.S. 668, 105 S.Ct. 1965, 85 L.Ed.2d 344 (1984); *see also, Hernandez v. State*, 988 S.W.2d 70 (Tex.Crim.App. 1999). To prevail in a claim of ineffective assistance of counsel, a defendant must show (1) that her trial counsel's performance fell below an objective standard of reasonableness, and (2) that a reasonable probability exists that, but for trial counsel's alleged errors, the result would have been different. *Strickland*, 466 U.S. at 687-88. On appeal, the defendant carries the burden of proving ineffective assistance by a preponderance of the evidence. *Moore v. State*, 694 S.W.2d 528, 531 (Tex.Crim.App. 1985). Finally, trial counsel's performance is not to be judged with the benefit of hindsight. *Miniel v. State*, 831 S.W.2d 310, 323 (Tex.Crim.App. 1992).

With this standard in mind a comprehensive review of the record has been made including potential pretrial matters, issues at the revocation hearing, and the arguments of counsel and found no basis from which to argue that counsel was ineffective. *See Jackson v. State*, 973 S.W.2d 954, 957 (Tex.Crim.App. 1998) (noting that on direct appeal the record is usually insufficient to support a claim of ineffective assistance).

## CONCLUSION AND PRAYER

As counsel was unable to raise any arguable issues for appeal, he is required to move for leave to withdraw. *See Stafford v. State*, 813 S.W.2d 503 (Tex.Crim.App. 1991).

WHEREFORE, PREMISES CONSIDERED, counsel prays that the Court, after affording Mr. Thompson the opportunity to review the record and file a *pro se* brief should he desire to do so, accept this brief and grant the attached Motion to Withdraw pursuant to *Anders v. California*, 386 U.S. 738, 18 L.Ed.2d 493, 87 S.Ct. 1396 (1967).

Respectfully submitted,

/s/ Austin Reeve Jackson
Texas Bar No. 24046139
112 East Line, Suite 310
Tyler, TX 75702
Telephone: (903) 595-6070
Facsimile: (866) 387-0152

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this brief was delivered to counsel for the State by facsimile on this the 6th day of August 2014.

/s/ Austin Reeve Jackson

9

## CERTIFICATE OF COUNSEL

The attorney's role as an advocate requires that I support my client's appeal to the best of my ability. *Anders v. California*, 386 U.S. 738. I, Austin Reeve Jackson, counsel of record in this appeal, do hereby state that I have diligently searched the entire record in this cause. I have researched the law applicable to the facts and issues contained therein, and it is my professional opinion that the record reflects no reversible error. In conformity with the applicable law pertaining to an appeal of this nature, I have set forth any potential grounds of error and have briefed them to the extent possible. I have further caused a copy of this brief to be served by certified mail on Appellant, accompanied by a letter informing Appellant of the right to examine the record for the purpose of filing a *pro se* brief.

/s/ Austin Reeve Jackson

## CERTIFICATE OF COMPLIANCE

I certify that this document complies with the requirements of Rule 9.4 and consists of 1,893 words.

/s/ Austin Reeve Jackson