ACCEPTED
12-15-00221-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
11/4/2015 3:49:17 PM
Pam Estes
CLERK

## No. 12-15-00221-CR

IN THE TWELFTH COURT OF APPEALS
TYLER, TEXAS

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
11/4/2015 3:49:17 PM
PAM ESTES
Clerk

## ROGER WILDERN JACKSON

### Appellant,

### v.

## THE STATE OF TEXAS

### Appellee

On Appeal from the Seventh District Court of Smith County, Texas
Trial Cause No. 007-0964-14

ORAL ARGUMENT NOT REQUESTED

Austin Reeve Jackson
Texas Bar No. 24046139
JLawAppeals@gmail.com
112 East Line, Suite 310
Tyler, TX 75702
Telephone: (903) 595-6070
Facsimile:  (866) 387-0152

## IDENTITY OF PARTIES AND COUNSEL

**Attorney for Appellant**

Appellate Counsel:
Austin Reeve Jackson
112 East Line, Suite 310
Tyler, TX 75702

Trial Counsel:
Clifton Roberson
1104 First Place
Tyler, TX 75702

**Attorney for the State on Appeal**

Michael J. West
Assistant District Attorney, Smith County
4th Floor, Courthouse
100 North Broadway
Tyler, TX 75702

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ................................................................. ii

TABLE OF CONTENTS .......................................................................................... iii

INDEX OF AUTHORITIES .................................................................................... iv

STATEMENT OF THE CASE ..................................................................................2

ISSUES PRESENTED ..............................................................................................2

STATEMENT OF FACTS.........................................................................................2

PROFESSIONAL EVALUATION OF THE RECORD..............................................3

SUMMARY OF THE ARGUMENT .........................................................................4

ARGUMENT ............................................................................................................5

    **I.    THE TRIAL COURT ACTED WITHIN ITS DISCRETION WHEN IT REVOKED APPELLANT'S COMMUNITY SUPERVISION**........................................................................................5

    A.  There Was Legally Sufficient Evidence to Support the Revocation ...................5

    B.  Appellant's Sentence Was Within the Statutory Range of Punishment................8

    C.  Appellant Received Effective Assistance of Counsel.........................................9

CONCLUSION AND PRAYER................................................................................10

CERTIFICATE OF COUNSEL ...............................................................................11

CERTIFICATE OF SERVICE.................................................................................12

CERTIFICATE OF COMPLIANCE .......................................................................12

# INDEX OF AUTHORITIES

## UNITED STATES SUPREME COURT:

*Anders v. California,*
  386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) ................................. 3, 10, 12

*Boykin v. Alabama*,
  395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) .................................. 6

*Strickland v. Washington*,
  466 U.S. 668, 105 S.Ct. 1965, 85 L.Ed.2d 344 (1984) ............................... 9

## TEXAS COURT OF CRIMINAL APPEALS:

*Bowden v. State*,
  628 S.W.2d 782 (Tex.Crim.App. 1982) ...................................................... 7

*Cardona v. State*,
  665 S.W.2d 492 (Tex.Crim.App. 1984) ...................................................... 4

*Cobb v. State*,
  851 S.W.2d 871 (Tex.Crim.App. 1993) ...................................................... 7, 9

*Flournoy v. State*,
  589 S.W.2d 705 (Tex.Crim.App. 1979) ...................................................... 8

*Gutierrez v. State*,
  65 S.W.3d 362 (Tex.Crim.App. 2003) ........................................................ 7 n.3

*Hernandez v. State*,
  988 S.W.2d 70 (Tex.Crim.App. 1999) ........................................................ 9

*Jackson v. State*,
  973 S.W.2d 954 (Tex.Crim.App. 1998) ...................................................... 9

*Jones v. State*,
  589 S.W.2d 419 (Tex.Crim.App. 1979) ...................................................... 7

## TEXAS COURT OF CRIMINAL APPEALS (CON'T):

*Kniatt v. State*,
   206 S.W.3d 657 (Tex.Crim.App. 2006) ......................................................... 6

*Lyles v. State*,
   850 S.W.2d 497 (Tex.Crim.App. 1993) ........................................................ 4

*Miniel v. State*,
   831 S.W.2d 310 (Tex.Crim.App. 1992) ........................................................ 9

*Moore v. State*,
   694 S.W.2d 528 (Tex.Crim.App. 1985) ........................................................ 9

*Rhodes v. State*,
   934 S.W.2d 113 (Tex.Crim.App. 1996) ........................................................ 8

*Rickles v. State*,
   202 S.W.3d 759 (Tex.Crim.App. 2006) ..................................................... 4, 7

*Stafford v. State*,
   813 S.W.2d 503 (Tex.Crim.App. 1991) ...................................................... 10

## TEXAS COURTS OF APPEAL:

*Canseco v. State*,
   199 S.W.3d 437 (Tex.App.—Houston [1st Dist.] 2006) ............................. 4, 6

*Castaneda v. State*,
   135 S.W.3d 719 (Tex.App.—Dallas 2003) .................................................. 8

*Duke v. State*,
   2 S.W.3d 512 (Tex.App.—San Antonio 1999) ............................................ 4

*Hays v. State*,
   933 S.W.2d 659 (Tex.App.—San Antonio 1996) ...................................... 6, 7

*Jones v. State*,
   112 S.W.3d 266 (Tex.App.—Corpus Christi 2003) ..................................... 8

## TEXAS COURTS OF APPEAL (CON'T):

*Joseph v. State,*
  3 S.W.3d 627 (Tex.App.—Houston [14th Dist.] 1999) ................................ 4

*Kirk v. State,*
  949 S.W.2d 769 (Tex.App.—Dallas 1997) ...................................... 9

*Lewis v. State,*
  195 S.W.3d 205 (Tex.App.—San Antonio 2006) ......................................... 4, 6 n.2

*Mauney v. State,*
  107 S.W.3d 693 (Tex.App.—Austin 2003).................................................... 7

*Mayes v. State,*
  904 S.W.2d 290 (Tex.App.—Fort Worth 1995) ............................................. 3

## STATUTES:

TEX. CODE CRIM. PROC. art. 26.13 ..................................................... 6

TEX. CODE CRIM. PROC. art. 42.12 ................................................. 8, 9

TEX. CODE CRIM. PROC. art. 62.102 .................................................. 8

TEX. PEN. CODE § 12.34 ................................................................ 8, 9

TEX. R. APP. P. 33.1 ..................................................................... 8

No. 12-15-00221-CR

IN THE TWELFTH COURT OF APPEALS
TYLER, TEXAS

**ROGER WILDERN JACKSON**

**Appellant,**

**v.**

**THE STATE OF TEXAS**

**Appellee**

On Appeal from the Seventh District Court of Smith County, Texas
Trial Cause No. 007-0964-14

**TO THE HONORABLE JUSTICES OF THE COURT:**

COMES NOW, Austin Reeve Jackson, attorney for Roger Jackson and files this brief pursuant to the Texas Rules of Appellate Procedure, and would show the Court as follows:

## STATEMENT OF THE CASE

Roger Jackson seeks to appeal his conviction and sentence for the felony offense of failing to register as a sex offender. (I CR 107). Mr. Jackson was indicted for this offense last year in the Seventh District Court of Smith County. (I CR 1). Initially, he was placed on five years' probation following the entry of a plea of "guilty." (I CR 72). However, in August of this year that probation was revoked and Mr. Jackson was sentenced to serve a term of five years' confinement. (I CR 107). Sentence was pronounced on 4 August and notice of appeal then timely filed. (I CR 107, 118).

## ISSUE PRESENTED

**I.    THE TRIAL COURT ACTED WITHIN ITS DISCRETION IN REVOKING APPELLANT'S COMMUNITY SUPERVISION.**

## STATEMENT OF FACTS

In 2014, Appellant, Mr. Roger Jackson, was indicted in Smith County for the felony offense of failing to register as a sex offender. (I CR 1). To this charge he entered a plea of "guilty" in exchange for a recommended sentence of five years' community supervision. (I CR 53).

In August of this year Mr. Jackson found himself facing multiple alleged violations of his probation. (I CR 91). To theses allegations he entered a plea of

2

"not true" and a hearing was held after which the trial court found that the State had proved the majority of the claimed violations. (I CR 108).

Based on that finding the trial court revoked Mr. Jackson's community supervision and imposed punishment at five years' confinement. (I CR 107). Sentence was pronounced on 4 August and notice of appeal then timely filed. (I CR 107, 118).

## PROFESSIONAL EVALUATION OF THE RECORD

In accordance with the requirements of *Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967), counsel has reviewed the record and determined that, in his professional opinion, the record contains no reversible error or jurisdictional defects. Under circumstances where there appears to be no arguable grounds for reversal on appeal, counsel must present a professional evaluation of the record supporting this assertion. *See Mays v. State*, 904 S.W.2d 290, 922-23 (Tex.App.—Fort Worth 1995, no pet.).

## SUMMARY OF ARGUMENT

Pursuant to the responsibilities and requirements of the governing code of professional conduct, a thorough review of the record has been made. Counsel's research has revealed no arguable, non-frivolous grounds that could be advanced in support of a claim that there exists reversible error in the trial, judgment, or sentence of Appellant. A review and analysis of any potential issues is herein present-

ed for the Court excluding any potential issues that, if successfully raised, would produce a result adverse to Appellant's interests.

## ARGUMENT

Standard of Review

A trial court's decision to revoke community supervision is reviewed under an abuse of discretion standard. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex.Crim.App. 2006); *Cardona v. State*, 665 S.W.2d 492 (Tex.Crim.App. 1984). A trial court abuses its discretion if it acts without reference to guiding principles. *Lyles v. State*, 850 S.W.2d 497, 502 (Tex.Crim.App. 1993). Appellate review considers the record in the light most favorable to the trial court's decision. *Duke v. State*, 2 S.W.3d 512, 515 (Tex.App.—San Antonio 1999, no pet.).

Proof of a single violation is sufficient to support a revocation. *Canseco v. State*, 199 S.W.3d 437, 439 (Tex.App.—Houston [1st Dist.] 2006, pet. ref'd). To prevail then, an appellant must show, looking in the light most favorable to the court's decision, that the record is insufficient evidence to support each finding of the court. *Lewis v. State*, 195 S.W.3d 205, 209 (Tex.App.—San Antonio 2006, no pet.); *Joseph v. State*, 3 S.W.3d 627, 640 (Tex.App.—Houston [14th Dist.] 1999, no pet.).

4

**I.  THE TRIAL COURT ACTED WITHIN ITS DISCRETION WHEN IT REVOKED APPELLANT'S COMMUNITY SUPERVISION.**

A.  There Was Legally Sufficient Evidence to Support the Revocation.

By way of the application filed against him, the State argued that Mr. Jackson had committed multiple violations of the terms and conditions of his community supervision.  (I CR 91). Those violations included:

| Application Paragraph | Allegation |
|---|---|
| II | Failure to report as directed |
| III | Moving to a new home without notifying probation |
| IV | Failure to perform community service hours |
| V | Failure to demonstrate a sixth grade reading level |
| VI | Failure to timely report contact with law enforcement |
| VII | Failure to report in person to his probation officer |
| VIII-X | Failure to pay various fees and costs |
| XI | Failure to attend sex offender counseling sessions |
| XII | Failure to register as a sex offender |

(I CR 91-98).

To each allegation Mr. Jackson entered a plea of "not true."  (I CR 101).

Proof of the Allegations

If the allegations made against Mr. Jackson were not supported by legally sufficient evidence, Mr. Jackson would have a valid claim that the Court abused its

discretion in revoking his community supervision. However, the record supports at least some of the findings of "true" made by the Court and a finding of true to any single violation is sufficient to support the revocation. *Canseco*, 199 S.W.3d at 439.

In his defense Mr. Jackson offered extensive medical evidence that he was hospitalized on several of the dates it was alleged that he had failed to report. (Defense Exhibit 9). Moreover, there was some evidence that the only reason Mr. Jackson had left Smith County, on at least a couple of instances, was that he had been transported to Dallas by EMS for the purposes of emergency treatment at the VA hospital there. (VI RR 32).

Nonetheless, Mr. Jackson was forced to concede that he did not have any defense to his failure to report on some of the dates alleged, he had made no attempt to do community service, and had not done all that he could have to stay in contact with his probation officer. (VI RR 52-54).

Similarly, Mr. Jackson established that he was on an extremely limited and fixed income that left him little money after paying for necessary expenses such as food and shelter, but it was also established that some months he had been able to pay his required fees and other months he admitted to making no payment at all. (VI RR 91).

The trail court's findings reflected the evidence before it as the Court, recognizing that there existed a legitimate defense to some of the allegations, made only partial findings of "true" as to multiple violations. (VI RR 89-95).

Because a revocation hearing is an administrative, and not a formal, criminal proceeding, the State need only prove its allegations by a preponderance of the evidence and not beyond a reasonable doubt. *Cobb v. State*, 851 S.W.2d at 873. This burden is met if the greater weight of the credible evidence creates a reasonable belief that the defendant violated a condition of community supervision. *Rickels*, 220 S.W.3d at 764. Further, when reviewing the record, an appellate court will indulge all reasonable inferences in the light most favorable to the trial court's ruling and will not reweight the trial court's resolution of mitigating and inculpating evidence. *Bowden v. State*, 628 S.W.2d 782, 784 (Tex.Crim.App. 1982); *Jones v. Sate*, 589 S.W.2d 419, 421 (Tex.Crim.App. 1979) (panel op); *Mauney v. State*, 107 S.W.3d 693, 695 (Tex.App.—Austin 2003, no pet).

Applying these rules to the instant record it does not appear that a non-frivolous argument can be made that the trial court erred in finding that the State failed to prove all of the allegations the trial court found to be true. While there was certainly evidence on which the trial court absolutely could have found an allegation to not be true, and did in several cases, the trial court, as finder of fact, was free to resolve the issues before it in favor of believing the testimony of the

7

State's witnesses and disbelieving that of Mr. Jackson. *See Jones v. State*, 112 S.W.3d 266, 28 (Tex.App.—Corpus Christi 2003, no pet.) (holding that the trial court is the sole trier of fact in a revocation proceeding and the lone judge of the credibility of witnesses and the weight to be given testimony). Thus, reviewing the record in the applicable light of that most favorable to the trial court's decision, it does not appear that the trial court abused its discretion by finding at least some of the allegations against Mr. Jackson to be true and in subsequently revoking his community supervision. *See Flournoy v. State*, 589 S.W.2d 705, 708 (Tex.Crim.App. [Panel Op.] 1979) (noting that the trial court's authority to revoke is "substantially absolute").

B.  Appellant's Sentence Was Within the Statutory Range of Punishment.

Mr. Jackson was charged with the offenses of failing to register as a sex offender, a third degree felony as indicted (I CR 1). TEX. CODE CRIM. PROC. art. 62.102(b)(2).  A third degree felony carries a maximum punishment of ten years' confinement and a fine of up to $10,000. TEX. PEN. CODE § 12.34(a)(b).  In this case Mr. Jackson was sentenced to serve five years' imprisonment.  (I CR 107).

The failure to raise an objection at the time punishment was imposed likely resulted in the waiver of this issue on direct appeal. *See* TEX. R. APP. PROC. 33.1(a)(1); *Rhoades v. State*, 934 S.W.2d 113, 120 (Tex.Crim.App. 1996); *Castaneda v. State*, 135 S.W.3d 719, 723 (Tex.App.—Dallas 2003, no pet.).  However,

8

even assuming an objection had been made there does not appear to be any error that could be advanced and sustained on appeal.

The sentence imposed was within the proper punishment range for the offenses as alleged. TEX. PEN. CODE ANN. § 12.34(a)(b) (punishment for a third degree felony). Consequently, as the punishment imposed was within the statutory range for the offenses, it is virtually presumed that they are not constitutionally cruel and unusual. *Kirk v. State*, 949 S.W.2d 769, 772 (Tex.App.—Dallas 1997, pet. ref'd); *see also* TEX. CODE CRIM. PROC. ANN. art. 42.12 § 23(a) (at revocation the court may impose sentence anywhere within the range of punishment). As such, counsel has been unable to raise a non-frivolous error on the issue of punishment.

C. Appellant Received Effective Assistance of Counsel.

Effective assistance of counsel is to be evaluated under the standard enunciated in *Strickland v. Washington*, 466 U.S. 668, 105 S.Ct. 1965, 85 L.Ed.2d 344 (1984); *see also, Hernandez v. State*, 988 S.W.2d 70 (Tex.Crim.App. 1999). To prevail in a claim of ineffective assistance of counsel, a defendant must show (1) that her trial counsel's performance fell below an objective standard of reasonableness, and (2) that a reasonable probability exists that, but for trial counsel's alleged errors, the result would have been different. *Strickland*, 466 U.S. at 687-88. On appeal, the defendant carries the burden of proving ineffective assistance by a pre-

9

ponderance of the evidence. *Moore v. State*, 694 S.W.2d 528, 531 (Tex.Crim.App. 1985). Finally, trial counsel's performance is not to be judged with the benefit of hindsight. *Miniel v. State*, 831 S.W.2d 310, 323 (Tex.Crim.App. 1992).

With this standard in mind a comprehensive review of the record has been made including potential pretrial matters, issues at the revocation hearing, and the arguments of counsel and found no basis from which to argue that counsel was ineffective. *See Jackson v. State*, 973 S.W.2d 954, 957 (Tex.Crim.App. 1998) (noting that on direct appeal the record is usually insufficient to support a claim of ineffective assistance).

## CONCLUSION AND PRAYER

As counsel was unable to raise any arguable issues for appeal, he is required to move for leave to withdraw. *See Stafford v. State*, 813 S.W.2d 503 (Tex.Crim.App. 1991).

WHEREFORE, PREMISES CONSIDERED, counsel prays that the Court, after affording Mr. Jackson the opportunity to review the record and file a *pro se* brief should he desire to do so, accept this brief and grant the attached Motion to Withdraw pursuant to *Anders v. California*, 386 U.S. 738, 18 L.Ed.2d 493, 87 S.Ct. 1396 (1967).

10

Respectfully submitted,

/s/ Austin Reeve Jackson
Texas Bar No. 24046139
112 East Line, Suite 310
Tyler, TX 75702
Telephone: (903) 595-6070
Facsimile: (866) 387-0152

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this brief was delivered to counsel for the State by facsimile concurrently with its filing in the Court.

/s/ Austin Reeve Jackson

11

## CERTIFICATE OF COUNSEL

The attorney's role as an advocate requires that I support my client's appeal to the best of my ability. *Anders v. California*, 386 U.S. 738. I, Austin Reeve Jackson, counsel of record in this appeal, do hereby state that I have diligently searched the entire record in this cause. I have researched the law applicable to the facts and issues contained therein, and it is my professional opinion that the record reflects no reversible error. In conformity with the applicable law pertaining to an appeal of this nature, I have set forth any potential grounds of error and have briefed them to the extent possible. I have further caused a copy of this brief to be served by certified mail on Appellant, accompanied by a letter informing Appellant of the right to examine the record for the purpose of filing a *pro se* brief.

/s/ Austin Reeve Jackson

## CERTIFICATE OF COMPLIANCE

I certify that this document complies with the requirements of Rule 9.4 and consists of 2,275 words.

/s/ Austin Reeve Jackson